## CALEB BENTLEY, *et al. vs.* JOHN G. COWMAN, *et al.*— *June,* 1834.

To a creditor's bill charging the insufficiency of a personal estate to pay debts; that the personal estate left by the intestate had been expended by the defendants, his brothers and sisters, *without administration;* that the debtor died without heirs of his body, and praying for a sale of the real estate of the deceased to pay debts and for *general relief;* the defendants pleaded, that they are not the heirs at law of the deceased debtor. The case being put down for hearing on bill and answer, the Chancellor dismissed the bill upon the ground, that the plea was a disclaimer by the defendants of all interest in the real property intended to be affected by it. *Upon appeal,* the decree was reversed, and remanded to Chancery for further proceedings.

A disclaimer is where the defendant renounces all claim to the subject of the demand made by the plaintiff's bill.

Pleadings in a court of equity are founded in the purest principles of ethics, and marked by frankness and fair dealing, and hence a disclaimer ought in terms to renounce all claim to the subject demanded by the bill.

When there is no formal prayer in a bill for an account, yet if facts authorising it are sufficiently charged, the prayer for general relief will entitle the complainant to an account, as where the defendant is charged with facts which make him an executor *de son tort.*

APPEAL from the court of Chancery.

On the 13th of August, 1832, the appellants exhibited their bill in the court of Chancery, alleging themselves to be creditors of one *Gerard Cowman* deceased; and pray-

ing for a sale of his real estate upon the ground, that his personal estate was inadequate to pay his debts; and that what there was of it had been expended by the appellees, his brothers and sisters, without any administration. The bill alleged, that the deceased died without heirs of his body, and after praying *subpœna* against the appellees, asked that his real estate might be sold for the payment of his debts, and for general relief.

The defendants pleaded, that "they are not the heirs at law of *Gerard Cowman*, deceased, in said bill mentioned, and they therefore pray the judgment of the court," &c.

At March term, 1833, *Bland*, Chancellor, after argument dismissed the complainants' bill upon the ground, that the above plea of the defendants, "must be considered as an absolute disclaimer of all interest in the real estate, in the proceedings mentioned." From this decree, the complainants appealed to the court of appeals.

The cause was argued before Buchanan, Ch. J., and MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Boyle*, for the appellants, contended.

1. A plea for want of proper parties ought to name them, or so describe them, as to enable the complainant to make them parties. *Fawkes vs. Pratt*, 1 *Pr. Wms.* 593. *Mosley*, 207. *Cook vs. Mancius*, 3 *Johns. Ch. Rep.* 427. 1 *Montg. Dig.* 146. 2 *Atk.* 692.

2. A bill is seldom dismissed for want of parties, but stands over with liberty to amend, and if dismissed should be without prejudice to another bill. *Coop. Pl.* 289. *Willis. Eq. Pl.* 571.

3. The plea in this case cannot be regarded as a disclaimer. 1 *Turn. and Venb.* 536. 1 *Coop. Pl.* 309. *Milf.* 318.

4. If a plaintiff shows a probable cause for exhibiting the bill, he may pray a decree against the defendant and all claiming under him, upon the ground of disclaimer. 2 *Coop. Pl.* 210. 1 *Turn. and Venb.* 536. *Milf.* 319.

*Alexander*, for the appellee.

1. The plea puts in issue a material allegation in the bill; to wit, whether the defendants are the heirs at law of *Gerard Cowman*; and such a plea if true, justifies the decree. The plea was not designed as a disclaimer, but the plea of a fact, requiring the dismissal of the bill.

2. The form of the plea is the proper one. It was not necessary that the defendants should designate who are the heirs at law. In fact, it might not be in their power to do so. *Coop. Rep.* 34, 38. 1 *Vern.* 473. *Newman vs. Wallis*, 2 *Bro. Ch. C.* 143. (*note.*) *Winn vs. Fletcher*, 1 *Ves. and B.* 159. The plea was not in abatement but in bar, and of course the bill was properly dismissed with costs. *Carroll vs. Waring*, 3 *Gill and Johns.* 491. There was no probable cause for filing the bill against these defendants. They plead that they are not the heirs at law, and by setting the case down for final hearing *the truth of the plea* is admitted. The proceeding was in *rem*, and there was no one before the court to defend the inheritance.

Dorsey, J., delivered the opinion of the court.

We cannot concur with the Chancellor, in regarding the plea of the defendants in this case as a disclaimer. A disclaimer is where a defendant renounces all claim to the subject of the demand made by the plaintiff's bill. *Coop. Eq. Pl.* 309. *Willis' Eq. Pl.* 617. 1 *Montg. Dig.* 92. 1 *Turn. and Ven. Cost's Chy.* 536. *Mitf. Pl.* 319.

Apply this test to the plea in question, and can it be considered a disclaimer? Is there any thing like a renunciation of all claims by the defendants to the subject matter demanded? It simply states, that they are not the heirs of *Gerard Cowman*, deceased. Thus perhaps impliedly denying to themselves all claim, as the heirs at law of the deceased, but leaving themselves at liberty to claim as his devisees. Indeed, if we were to give a literal construction to the plea, it might be interpreted as the assertion, that the defendants

were not "the heirs," that is, all the heirs of the deceased, but only a portion of them. We are well assured that such an evasion was not designed by the framer of this plea; but we advert to the defect as showing its want of that certainty which would justify the inference of disclaimer deduced from it by the Chancellor.

Pleadings in a court of equity are founded in the purest principles of ethics; are marked by frankness and fair dealing, and will not therefore tolerate such a partial, inferential disclaimer, as that which this plea can only be interpreted to be. A disclaimer must renounce all claim to the subject demanded by the bill. Not merely as in the present instance, deny all claim in a particular representative character, or to the full extent to which it has been charged, whilst the right to claim in a different character, or to a more limited extent is in no wise abandoned. But conceding it to be an unexceptionable disclaimer as to the land, and a bar to all relief sought in relation thereto, it would not warrant the decree dismissing the complainants' bill, the allegations in which, not only present a claim against the defendants in respect to the realty of the deceased, but also as executor *de son tort* of the personalty. And although there is no formal prayer for an account in the bill, yet the facts authorising it are sufficiently charged, and the prayer for general relief entitled the complainants to such an account.

The solicitor of the appellee admits, that upon the principle of disclaimer the decree of the Chancery court cannot be sustained, but he insists that it is sustainable upon his plea; which he alleges is a bar to all the equity set forth in the bill, and can in no wise be regarded in the light of a disclaimer. In support of this position we have been referred to two authorities. The first was the case of *Hitchins vs. Lander, Coop. Ch.* 34, where, on a bill filed to compel a defendant to proceed to the redemption of a mortgage, he pleaded, that there was not any mortgage as mentioned in the bill. The Ld. Chancellor allowed the plea. The

second case was that of *Gun vs. Prior*, 2 *Dick.* 657, in which on a bill filed for a discovery and production of title deeds, by one who stated himself in his bill to be heir at law, a negative plea that he was not heir at law, was overruled; the Ld. Chancellor declaring, that "heir or not heir, is a point in issue in the cause, which the court will not determine upon a plea; if disproved, having no title, his bill will be dismissed." Suppose the decision of the Ld. Chancellor in the latter case, had been the reverse of what it was; these cases give no strength to, and furnish no precedent for the plea before us. There the pleas were denials of the whole equity of the plaintiff's bills, and showed an utter destitution of all right to seek relief of any body, in the matters complained of. Here, the plea denies no portion of the plaintiff's equity. It impliedly admits it: but seeks to evade the relief asked for, by insisting, that the defendants are not *the heirs* of the deceased; or in other words, do not hold the land attempted to be charged, in the precise character ascribed to them in the bill. No precedent can be found for such a plea, and we feel no disposition to make one. It is not even a denial of any fact expressly alleged in the bill, but of a mere implication resulting from the facts alleged. The bill states "that the said *Gerard Cowman* had died intestate, and without heirs of his body, leaving the following brothers and sisters," naming the defendants, their heirship being left as a matter of legal inference. But had it been made the subject of express allegation, it would have given no additional sanction to the plea. The only object in pleading it which can be respectfully imputed, is what? To inform the Chancellor that the defendants claim no title to the land in question. If such were their design, it must be effected by a disclaimer. The Chancellor justly viewed it in that character, but gave to it an efficiency which it did not merit.

The objections we have urged against it as a disclaimer, apply to it with almost equal force as a plea; and are con-

clusive as to its insufficiency as such, to sustain the decree for the dismissal of the appellants' bill of complaint.

DECREE REVERSED WITH COSTS IN THIS COURT, AND THE CAUSE REMANDED TO THE CHANCERY COURT, THAT SUCH PROCEEDINGS MAY BE THERE HAD, AS THE NATURE OF THE CASE MAY REQUIRE.