# MAYOR AND CITY COUNCIL OF BALTIMORE

*vs.*

# THE MARYLAND PAVEMENT COMPANY AND THE TITLE GUARANTY & TRUST COMPANY OF SCRANTON, PA.

*Pleas*: *amendments; new pleas; effect of—. Covenant*: *action on bond; allegations of breaches; sufficiency of—.*

Where leave is given to plead *de novo* and new pleas are filed, former pleas are held to be withdrawn.                p. 459

But when leave is granted to amend the declaration by filing additional counts or to amend the pleas by additional pleas, the original pleadings are not considered as withdrawn.   p. 459

Such additional pleas or counts are considered as part of the original pleadings.                                  p. 459

In general, in an action of covenant on a bond, if the declaration in assigning the breach merely negatives the words of the condition of the bond it is good on general demurrer, whenever such assignment necessarily shows a breach.          p. 462

But when such general assignment does not necessarily amount to a breach, the breach must be specifically assigned.
p. 462

Where the condition of a paving bond was that the principal should maintain the pavement for five years after the completion and acceptance, etc., by the *City Engineer*, a count, in an action on the bond, that the defendant failed to perform the terms of the contract in respect to the maintenance, etc., for a period of five years, etc., from the acceptance by the *city authorities* is a departure from the terms of the bond and is demurrable.                                              p. 463

Where the condition of the bond of a paving contractor, among other requirements, provided that he should furnish all the materials and do all the work in accordance with the at-

tached specifications, and use none but the best materials, it was: *Held,* that in an action on the bond, a count was sufficient which alleged a breach of the bond, in that the contractor did not do said work and furnish said materials in accordance with the specifications, but, on the contrary, did furnish defective, inferior and faulty materials, so that the work did not conform to the character or the standard of work and materials contemplated and provided for, etc.                    p. 463

*Decided March 13th, 1917.*

Appeal from the Court of Common Pleas of Baltimore City. (STUMP, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward J. Colgan, Assistant City Solicitor,* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellant.

*Charles F. Harley,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Court of Common Pleas of Baltimore City in favor of the defendants on a demurrer to the declaration.

The Mayor and City Council of Baltimore brought suit against The Maryland Pavement Company, a body corporate, and the Title Guaranty and Trust Company of Scranton, Pa., a body corporate, "For that the defendants signed, sealed, delivered and became bound by a certain writing obligatory, bearing date the 15th day of February, 1905, to secure the performance of a certain contract and specifications between the defendant, The Maryland Pavement Com-

pany, and the plaintiff, in relation to the grading, curbing and paving with asphalt blocks, Evergreen Terrace, from the north side of Fulton avenue to the south side of Orem's lane, in accordance with Ordinance No. 174, approved December 17, 1904, copies of which said writing obligatory, contract and specifications are herewith filed, and are hereby referred to as part hereof.

"The defendant, The Maryland Pavement Company, entered upon the performance of said contract and specifications, and graded, curbed and paved the street or terrace aforesaid, but has not fulfilled or performed the terms and provisions of said contract and specifications in respect to the maintenance of said pavement for a period of five years, from its completion and acceptance by the city authorities, although duly notified by the plaintiff of its failure to perform said contract and specifications in that respect.

"By reason of the failure of said defendant, The Maryland Pavement Company, to perform the provisions of said contract and specifications in respect to the maintenance of said pavement, the plaintiff was compelled, at its own cost, to expend in repairing said pavement, and maintaining the same, a large sum of money, to wit, the sum of eight hundred and nineteen dollars and twenty-three cents ($819.23), which said sum the said defendant, The Maryland Pavement Company, has refused and still refuses to pay to the plaintiff in whole or in part.

"And the plaintiff further says that by reason of the premises and the said breaches of the conditions of said writing obligatory, a right of action has accrued to it to have and demand the sum of eight hundred and nineteen dollars and twenty-three cents ($819.23) from the said defendants.

"And the plaintiff claims two thousand dollars ($2,000)."

The defendants demurred to the declaration and the Court sustained the demurrer. Thereafter the plaintiff filed the

following amended declaration, which is designated in the Record, "Amended Declaration. Additional Count."

"The Mayor and City Council of Baltimore, a municipal corporation, by S. S. Field, its attorney, sues The Maryland Pavement Company, a body corporate, and the Title Guaranty and Trust Company of Scranton, Pennsylvania, a body corporate:

"For that the defendants, the said The Maryland Pavement Company and the Title Guaranty and Trust Company of Scranton, Pennsylvania, a body corporate, by their certain writing obligatory, signed, sealed and delivered, and bearing date the 15th day of February, 1905, and which is the same said writing obligatory heretofore filed by the plaintiff in this cause, acknowledged themselves to be justly indebted to the Mayor and City Council of Baltimore in the sum of fourteen thousand, one hundred and ten dollars ($14,-110), to the payment of which they bound themselves, their and each of their heirs, executors and administrators, successors and assigns, jointly and severally to secure the performance of a certain contract and specifications, between the defendant, the said The Maryland Pavement Company and the plaintiff, for furnishing all labor and material and doing all the work necessary to grade, curb and pave, with asphalt blocks, Evergreen Terrace, from the north side of Fulton avenue to the south side of Orem's Lane, in accordance with Ordinance No. 174 of the Mayor and City Council of Baltimore, approved December 17th, 1904, and in accordance with a certain contract and specifications attached to said writing obligatory as part thereof, and which have been heretofore filed by the plaintiff in this cause and are herewith referred to as part of this declaration.

"And the plaintiff, in fact, says that the said, The Maryland Pavement Company, entered upon the performance of said contract and specifications, and did work and furnished materials in connection therewith, but did not do said work and furnish said materials in

accordance with the terms of said contract and speci-
fications, but, on the contrary, the said The Maryland
Pavement Company did defective work and furnished
defective, inferior and faulty materials, so that said
work, so done, and said materials, so furnished, did
not, in fact, conform to the character and standard of
work and materials contemplated by and provided for
in said contract and specifications.

"And for that by the doing of such defective work
and the furnishing of such defective, inferior and
faulty materials, the said work, so done, fell into a
state of dangerous disrepair, which the said The Mary-
land Pavement Company expressly refused to make
good and restore, although duly notified by the plain-
tiff so to do, and the plaintiff was compelled in re-
pairing said work, and in restoring the same, to ex-
pend a large sum of money, to wit, eight hundred
and nineteen dollars and twenty-three cents ($819.23),
which said sum the said The Maryland Pavement
Company has refused and still refuses to pay the
plaintiff in whole or in part.

"And the plaintiff further says that by reason of
the premises and the said breaches of the said writing
obligatory, a right of action has accrued to it to have
and demand the sum of eight hundred and nineteen
dollars and twenty-three cents ($819.23) from the said
defendants.

"And the plaintiff claims two thousand dollars
($2,000)."

The defendants also demurred to the amended declaration,
and the Court having sustained the demurrer, a judgment
was entered in favor of the defendants, from which the
plaintiff has appealed.

The first question presented by the Record is whether the
appeal brings up for review the ruling of the Court below
on the demurrer to the original declaration, and the answer
to that question must depend upon whether the plaintiff must
be held to have abandoned and withdrawn his original decla-

ration from the case. It is said in 2 *Poe's P. & P.,* sec. 189: "Where the application is for leave to plead *de novo,* and under leave granted, new pleas are filed, the former pleas will be held to be withdrawn. But where leave is granted to amend the declaration by filing additional counts, or to amend the pleas by filing * * * additional pleas, the original pleadings will not be thereby withdrawn." In the case of *Ellinger* v. *Baltimore City,* 90 Md. 696, JUDGE JONES, speaking for this Court, said: "The amendment by way of the 'amended declaration' was pleading *de novo,* which withdraws from the case the pleadings for which the new pleading is substituted, according to repeated decisions of this Court." In that case, however, the learned judge, in reviewing what had been done, as the basis of the conclusion stated above, said: "From what is disclosed by the Record the plaintiffs must be held to have abandoned their case as made by the original *narr.,* and to have waived their right of appeal, or rather not to have put themselves in a position to appeal from the adverse ruling of the Court upon the demurrer thereto. They did not submit to judgment upon the demurrer, nor did they simply amend the original *narr.,* as to the matter which the Court had found obnoxious to the demurrer, nor did they attempt to incorporate new matter into the original pleading by way of adding additional counts thereto, but proceeded upon the leave of the Court which accompanied its ruling, here in question, to file an entirely new declaration complete in itself," etc. In the case at bar the amendment made by the plaintiff was filed as an "Additional Count" to the original declaration. It was not filed in the place of, but as a part of and as an addition to the original *narr.* An amendment by the filing of an additional count cannot be treated as pleading *de novo,* for in order to be an *additional count* it must of necessity be a part of the previous pleading, and must be given the same effect as if it had been incorporated in a declaration containing both counts. The demurrer to the original declaration having been sustained, judgment for the

defendants would have been entered but for the leave granted to the plaintiff to amend. The plaintiff amended by filing an additional count to the declaration, and the defendants having again demurred, and the demurrer having been sustained, final judgment was entered for the defendants. This judgment could not have been entered except upon the theory that both counts were defective, and the appeal from this final judgment brings up for review the rulings of the Court on demurrers to the pleadings adverse to the party appealing. 2 *Poe's P. & P.,* sec. 826, p. 1072, and cases cited in Note 4; *Kendrick* v. *Warren,* 110 Md. 76. We must, therefore, on the present appeal determine the sufficiency of both of the counts of the declaration.

The bond sued on, the contract between The Maryland Pavement Company and the City, and the specifications are filed with the declaration as a part thereof. By the contract The Maryland Pavement Company agreed "to furnish all of the material and do all the work necessary to pave Evergreen Terrace from N. S. Fulton avenue to S. S. Orem's lant with asphalt blocks under the authority of Ordinance No. 174, etc., and in accordance with attached specifications," etc., which were made a part of the contract, and which provided that "None but the best materials of the several descriptions shall be used, and all materials shall be equal in every respect to the requirements of the specifications and the samples furnished." The condition of the bond is as follows:

"Now, the Condition of This Obligation is Such, That if the said The Maryland Pavement Co. shall comply in all respects with the terms of said contract and shall maintain the pavement for five (5) years after its completion and acceptance by the City Engineer, and shall defend, indemnify and save harmless the Mayor and City Council of Baltimore against any claim due to using any form of material or method of manufacture or machinery which is patented or claimed to be patented, and against any suit or suits,

loss, damage or expense to which the said Mayor and City
Council of Baltimore may be subjected by reason of any
default or negligence, want of skill or care on the part of
said Maryland Paving Co., its agent, or employees, or any
sub-contractor, in or about the performance and execution of
said work; then this obligation is to be null and void, other-
wise to be and remain in full force and virtue in law."

The only objection urged by the appellees to the declara-
tion is that neither of the counts assign the breaches of the
bond relied on with sufficient certainty and precision.

One of the conditions of the bond is that "The Maryland
Pavement Company shall comply in all respects with the
terms of said contract and shall maintain the pavement for
five (5) years after its completion and acceptance by the City
Engineer," and the breach assigned in the first count is that,
"the defendants, The Maryland Pavement Company, entered
upon the performance of said contract and specifications, and
graded, curbed and paved the street or terrace aforesaid, but
has not fulfilled or performed the terms and provisions of
said contract and specifications in respect to the maintenance
of said pavement for a period of five years, from its comple-
tion and acceptance by the city authorities."

It is said in 1 *Chitty's Pleading,* p. 332, that an averment
that "the defendant did not perform the said agreement, is
insufficient; because 'did not perform his agreement' might
involve a question of law, and also because the object of
pleading is to apprise the defendant of the cause of com-
plaint, so that he may prepare his plea and defense and evi-
dence in answer. And yet, as the defendant must know in
what respects he has or has not performed his contract, any
great particularity, it should seem, ought not in principle be
required. Where the contract was specific, to do or forbear
some particular act, it is in general sufficient to assign the
breach in the words of the contract." In 2 *Chitty's Plead-
ing,* 559a, it is said: "Breaches of different covenants * * *
may readily be framed, according to the particular circum-
stances of each case, and in general may be in the negative

of the words of the covenant." It is said in 3 *Ency. of Plea. Prac.* 656: "An assignment of a breach by merely negativing words of the condition is good on general demurrer, whenever such assignment necessarily shows a breach." Mr. Poe says in Vol. 2 of his work on *Pleading and Practice,* sec. 556: "After the proper statement of the contract and its consideration, should come an averment of the breach or breaches complained of. These should be stated with certainty, and may generally be assigned, in the words of the contract, either negatively or affirmatively, or in words which are co-extensive with the import and effect of it." In the case of *LeStrange* v. *State,* 58 Md. 26, JUDGE ALVEY, speaking for the Court, said: "The breach of the condition of the bond is certainly assigned in very general terms. It is alleged that the injunction was not prosecuted with effect, but that the same had been dissolved by order of the Court. The truth of this allegation is admitted by the demurrer, and this, of course, constituted a breach of the condition of the bond. And this short form of assigning a breach of the condition of an appeal or an injunction bond has been expressly sanctioned by this Court in *Karthaus* v. *Owings,* 6 H. & J. 134; same case on second appeal, 2 G. & J. 430, 441; and *Burgess* v. *Lloyd,* 7 Md. 178, 195. In *Karthaus* v. *Owings,* as reported in 2 G. & J. 430, the Court said: 'We think the breach was properly assigned by a negative averment that he (the defendant) had not, in the language of the condition of the bond, "prosecuted his suit with effect." In assigning breaches the general rule is, that they may be assigned by negativing the words of the covenant. The exception to this rule is, that when such general assignment does not *necessarily* amount to a breach, the breach must be specially assigned.' " See also *Am. Bonding and Trust Co.* v. *Milwaukee Co.,* 91 Md. 733; *United Surety Co.* v. *Summers,* 110 Md. 95; *Canton Bank* v. *Am. Bonding Co.,* 111 Md. 41.

If the plaintiff in the first count of the declaration had negatived the words of the bond, and alleged that The Maryland Pavement Co. did not "maintain the pavement for five

years after its completion and acceptance by the City Engineer," it would, under the authorities cited, have been a sufficient assignment of the breach of that condition of the bond. But the first count of the declaration does not contain such an averment. It alleges as the breach of that condition of the bond that The Maryland Pavement Company "has not fulfilled or performed the terms and provisions of said contract and specifications in respect to the maintenance of said pavement for a period of five years, from its completion and acceptance by the city authorities." This is a departure from the terms of the bond, which required the contractor to maintain the pavement for five years after its completion and acceptance by the *City Engineer*.

One of the conditions of the bond was that the contractor "shall comply in all respects with the terms of said contract," and the contract required the contractor to furnish all the material and to do all the work in accordance with the attached specifications, which specified, among other things, that none but the best materials of the several descriptions therein contained should be used. The second count alleges as the breach of the bond relied on that the contractor "did not do said work and furnish said materials in accordance with the terms of said contract and specifications, but on the contrary, the said The Maryland Pavement Company, did defective work and furnished defective, inferior and faulty materials, so that said work so done, and said materials so furnished, did not, in fact, conform to the character and standard of work and materials contemplated by and provided for, in said contract and specifications."

In *United Surety Co.* v. *Summers, supra,* the contract provided, "That the said contractor does hereby covenant, promise and agree to furnish good and satisfactory materials in and upon said building and to do the work in a good, workmanlike, substantial and efficient manner, and that all of said materials and work shall be satisfactory to the said owners, architects and builders, J. H. Walsh and Brother, it being

understood that said work and materials shall be conditioned absolutely upon the satisfaction of said owners, said architects and builders." The first count in the declaration alleged the breach of the contract as follows:

"And the plaintiff in fact says that the said Engelbert C. Lawrence entered upon the performance of his said hereinbefore recited contract with the plaintiff of the 17th of May, 1906, and did work and furnished materials in and about the building therein mentioned, but did not well and truly keep and perform his said contract, but on the contrary broke the same in the particulars following, to wit: that he did not do his work in a good, workmanlike, substantial and efficient manner, nor did he furnish good and satisfactory material in and upon said building, and that the work and materials, so far as the same were done and furnished by him, were not satisfactory to J. H. Walsh & Brother, the architects and builders named in said contract," etc.

In that case the *narr.* did not allege in what respect the materials were unsatisfactory or the work was defective, but this Court on appeal from the judgment of the Court below held that the first count was good. It is true, in that case the *narr.* also alleged that the work and materials furnished by the contractors were not satisfactory to the architects and builders, but it did not allege in what respect they were not satisfactory. In the case at bar we think the breach assigned in the second count of the declaration is fairly within the terms of the bond, and equally as definite and certain as the breach alleged in the first count of the declaration in *United Surety Co.* v. *Summers, supra.*

It follows from what has been said that the first count in the declaration was bad, but that the second count was sufficient. We must, therefore, reverse the judgment of the Court below.

*Judgment reversed, with costs, and new trial awarded.*