MARTIN ET AL. *v.* CARL ET AL.

[No. 208, October Term, 1956.]

566

*Decided June 6, 1957.*

Before COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ., and KINTNER, J., Associate Judge of the Second Judicial Circuit, specially assigned.

Submitted on brief by *Alger Y. Barbee* and *Harper M. Smith* for the appellants.

Submitted on brief by *James E. Artis, Harvey H. Holland, Jr., Allen Jones, Jr., Donald K. Staley, Ralph G. Shure* and *William J. Brannan, Jr.,* for the appellees.

KINTNER, J., by special assignment, delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Montgomery County overruling the appellants' demurrer to the amended bill of complaint and from a decree of that court

granting an interlocutory injunction. No question has been raised on the right to appeal from what in form is an interlocutory decree and, as it appears that the case was fully heard on the merits and the rights of the parties completely adjudicated, we shall treat the decree as final.

Martin's Dairy, Inc., a Maryland corporation, was chartered in 1947. It had an authorized capital stock of 1500 shares. It was a family corporation, the stockholders being six brothers and sisters, each of whom held 185 shares or a total of 1110 shares issued and outstanding, leaving 390 unissued shares. The company owned real estate, a dairy plant, chattel property used in connection therewith and operated in Montgomery County. A balance sheet of October 30, 1955, showed a net worth of $121,129.87.

The appellants, Calvin S. Martin as president and David F. Martin a director, apparently dominated and controlled the company, though they held but a third of the stock. The other four (three sisters and a brother), holding two-thirds of the stock, were dissatisfied and determined to sell all of their stock. A provision of the charter required a stockholder wishing to sell first to offer his stock to the corporation. One of the questions in the case is whether this requirement was complied with.

The four dissatisfied holders, after rejection by the corporation of their offers to it of their stock, contracted to sell their 740 shares to William F. Carl and Sarah F. Carl, his wife, two of the appellees. Thereupon a reorganization of the corporation took place and William F. Carl replaced Calvin S. Martin as president. The latter, having refused to turn over the corporation's books, records, accounts, money and chattel property to the new management, this bill was filed.

The original plaintiffs were the four stockholders, their purchasers and their new directors. A demurrer to the bill was sustained on the ground that the corporation was a necessary party. Thereupon the appellees were allowed to amend by adding the corporation as a party plaintiff. A demurrer to the amended bill was overruled and the appellants re-filed their answer to the amended bill.

The first question raised by this appeal is the correctness of the ruling on the demurrer. There can be no doubt that the corporation was a necessary party. Its property rights were affected as a result of the confusion caused by the conflicting claims of the majority and minority stockholders.

It is argued that the bill is rendered multifarious by joining the corporation as a plaintiff. Under the present rules (Maryland Rules of Procedure 313 d 1, 2) joinder of parties and causes of action have become a matter of convenience and fairness. In the present case the rights of the parties are all affected by the alleged wrongful acts of the appellants and a single remedy suffices for all. Nor is there any unfairness to the appellants. They are called upon only to defend a single course of conduct which it is alleged affects the appellees in different ways.

It is argued that the appellees have an adequate remedy at law, namely *mandamus*. *Talley v. Dadds,* 161 Md. 558, is cited as authority. That case held that where the only issue is the validity of the election of officers of a corporation equity has no jurisdiction. But in the present case much more is involved. The four majority stockholders have contracted to sell all of their stock to Mr. and Mrs. Carl for $160,000. That contract is conditioned upon certain things being done by the sellers: they are to secure the election of a board of directors desired by the purchasers; they are to see that all corporate records and all other data bearing upon the affairs of the corporation are turned over to the new directors; they are to put the new directors in full control so that they may have thirty days to audit the accounts and determine whether the balance sheet of October 30, 1955, substantially represents the condition of the company. The bill alleges that the appellants have removed from the corporation's place of business all of the corporate books and business records, and the whereabouts of the same are unknown. There is also a charge of mismanagement of the corporation's business and concealment of its affairs to the detriment of the majority stockholders. We therefore hold that the equity court had jurisdiction and the demurrer to the amended bill

was properly overruled. *Roland Pk. Shop. Center v. Hendler,* 206 Md. 10; *Lupton v. Wholesale Corporation,* 143 Md. 333.

The case then proceeded to trial on the amended bill, answer and testimony. A directors' meeting had been held on April 20, 1956, attended by the directors, other than these appellants, at which it was decided that the corporation was not financially in a position to purchase the stock of the appellees. It is contended that the meeting was not properly called. We find that the appellants had due and timely notice of the meeting and refused to attend. It is clear that their action here and later was a part of their plan to block the majority stockholders from taking over control of the company.

On August 17, 1956, a stockholders' meeting was held with two-thirds of the stock represented. The appellants, though duly notified, did not attend. Three new directors were elected. A resolution was passed ratifying the action taken on April 20, 1956, declining to purchase the appellees' stock. A meeting of the new board of directors was held on August 30, 1956. Although duly notified, the appellants did not attend. At this meeting William F. Carl was elected president. A resolution was passed directing the new board to take over the management of the company. On August 31, 1956, the new board made demand on the appellants to turn over all of the books and records, property and physical assets of the corporation. Upon the refusal of the appellants so to do, this suit was filed.

The appellants' whole course of conduct, and indeed their whole case, is predicated on the illegality of the corporate action in rejecting the stock option. We have said that the directors' meeting of April 20, 1956, was legally called. The offers of four stockholders to sell their stock to the corporation were submitted. Two arguments are made in this connection: (1) that the charter provides that the corporation be given ninety days to consider the offers; and (2) that in case of a dispute as to price, arbitration could be demanded. But the first of these provisions could be waived, and the second would be of no effect if the corporation rejected the offers. They were rejected absolutely.

The appellees as stockholders, directors and officers have come into control of the corporation by virtue of their ownership of two-thirds of the stock. There is no claim that fraud or other wrongful conduct was used against the appellants. The majority has the right to determine the policies of the corporation and the minority must submit to their judgment so long as they act in good faith and within the law. 13 *Am. Jur., Corporations,* Sec. 422.

Retention by the appellants of the books, records, money and chattel property of the corporation under these circumstances is clearly wrong. The decree directing the injunction to issue, ordering the appellants to return such corporate property and restraining them from exercising any of the functions of management or interfering with control of duly elected officers, is affirmed.

> *Order overruling demurrer and decree for injunction affirmed, with costs to appellees.*