# COUNTY COMMISSIONERS OF QUEEN ANNE'S COUNTY, ET AL. *v.* C. J. LANGENFELDER & SON, INC.

[No. 409, September Term, 1963.]

*Decided February 3, 1965.*

The cause was first argued before BRUNE, C. J., and HAMMOND, PRESCOTT, and HORNEY, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned, and reargued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Robert R. Price, Jr.* and *James E. Thompson, Jr.*, for appellants.

*John W. Sause, Jr.* and *Walter C. Mylander, Jr.*, with whom was *Charles C. W. Atwater* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

This appeal reaches us in a very peculiar procedural posture. On January 10, 1961, the Commissioners of Queen Anne's County (Commissioners) adopted an "Interim Zoning Ordinance." By its own provisions, this ordinance expired one year after its adoption. During argument, it was conceded to be invalid, and has little, if any, significance in the determination of this appeal.

On January 9, 1962, the Commissioners, purportedly acting under authority of the Code (1957), Article 66B, adopted another "Interim Zoning Ordinance," effective as of January 10. This ordinance stated that it was temporary in nature and should expire when "a permanent comprehensive zoning ordinance * * * is adopted * * *," but in no event should it remain in force and effect for a period exceeding two and one-half years.

In August of 1963, the appellee acquired some three acres of land in Queen Anne's County, known as the "Love Point Pier" property. Contending that appellee had entered upon said property and instituted uses thereof contrary to those permitted by its classification in the Interim Zoning Ordinance last mentioned above, and not authorized as a lawful nonconforming use, the appellants filed suit praying an injunction to restrain the allegedly unlawful use of the property. When suit was filed, a complete copy of the Interim Ordinance, including its preamble, was filed as an exhibit of the bill of complaint. The appellee demurred to the bill of complaint, and the demurrer was sustained by the chancellor on the ground that the bill, on its face, showed that certain statutory procedural prerequisites had not been complied with by the Commissioners before adopting the ordinance. The demurrer was sustained without leave to amend, and the bill of complaint was dismissed.

Thereafter, on October 16, 1963, the Commissioners filed a motion for leave to amend the bill of complaint. In this motion, they alleged that they would amend the bill of complaint "so as to recite and allege in their amended bill of complaint that all necessary prerequisite procedural requirements under Article 66B were complied with in the adoption of the" ordinance. The

motion then recited in detail many acts bearing upon the compliance with the prerequisites required by Article 66B and stated they would be included in the allegations of the amended bill of complaint.

After hearing on this motion, the court, on October 29, 1963, struck out its former order which had sustained the demurrer and dismissed the bill of complaint, and allowed the Commissioners to file an amended bill of complaint.

On November 13, 1963, within the time permitted by the last above mentioned order, the Commissioners filed an amended bill of complaint. It included many allegations of acts on the part of county officials, which the Commissioners claimed were compliances with the prerequisite procedural requirements. However, with the bill of complaint was filed an exhibit purporting to be "a true copy of the Queen Anne's County Interim Zoning Ordinance," but it failed to include the preamble of the ordinance, and this was the portion thereof which raised a grave question as to whether or not the procedural prerequisites had been complied with. The defendant filed a motion *ne recipiatur,* moving the court not to receive "the amended bill of complaint and Exhibit A [the body only of the zoning ordinance] on the grounds," *inter alia,* that the amended bill of complaint, together with its exhibit, "is on its face a false pleading" and "that said amended bill of complaint and exhibit are contrary to the authority of [the] order of the court granting leave to amend."

A hearing was held upon this motion at which counsel for the plaintiffs readily admitted that the deletion of the preamble from the copy of the ordinance was not done by inadvertance or mistake. The chancellor, without expressing any opinion as to how it might affect the result of the filing of another demurrer, offered to permit counsel for the plaintiffs to amend further so as to include the entire ordinance, body and preamble; but this the plaintiffs were unwilling to do. Thereafter, the chancellor in an able and carefully prepared opinion decided that the motion *ne recipiatur* should be granted because: (1) the proposed amended bill of complaint was not in conformity with and not within the bounds and scope of the previous order allowing the amendment or within the terms and allegations of the petition of the plaintiff to amend; (2) the certificate appended to the ex-

hibit deposing that it was a true copy of the ordinance was "patently erroneous"; (3) in the chancellor's opinion, where a document which forms the basis for a prayer of injunction is filed with the bill of complaint and it is not within the exclusive control of the defendant, the document itself, in all its material parts, should be included in the exhibit, and not just a *part* thereof which suits the complainants' interpretation of the document. (The chancellor at this point cited the case of *Baltimore v. Weatherby*, 52 Md. 442, 450.) He then filed an order dated December 12, 1963, stating that "the motion *ne recipiatur* of the defendant be and it is hereby granted." On January 6, 1964, the plaintiffs filed an appeal, which read "Please note an appeal to the Court of Appeals of Maryland in the above entitled case."

The appeal was then argued before us. Before our opinion therein had been filed, the Commissioners, on June 16, 1964, adopted what is termed a "Comprehensive Zoning Ordinance." Realizing that this might have rendered the case moot, we ordered a reargument. At the reargument, the appellee claimed that after its acquisition of the property and before the adoption of the comprehensive zoning ordinance, it had established certain lawful nonconforming uses if the interim ordinance were invalid, but which are unlawful (nonconforming) uses if said ordinance were valid. We, therefore, concluded that the case had not been rendered moot, and we now proceed to determine the question involved in the appeal.

Both sides have filed rather elaborate briefs, which include lengthy arguments, pro and con, as to the validity of the latter interim zoning ordinance; but, as we view the case, that question is not before us. When the trial court, on October 29, 1963, struck out its previous order, which had sustained a demurrer to, and dismissed, the original bill, and had granted leave to amend, there was then no active bill of complaint in the record and no action that had been taken thereon that required consideration. The proceedings at this point simply permitted the filing by the plaintiffs of a proper, amended bill of complaint. An amended bill was filed, which, upon motion, was found by the chancellor to be unacceptable. His last order was a refusal to receive the amended bill as a pleading in the case. If he were

correct in this ruling, there is no bill of complaint, or ruling thereon (except the ruling on the motion *ne recipiatur* which will be considered below) on the record as it is presented to us. If he were in error, the only "active" pleading in the record was the amended bill of complaint to which no subsequent pleading had been filed. The order ruling upon the motion is final in nature and appealable because it put the plaintiffs' action out of court. From the above, it is plainly seen that the only question for our determination is the correctness, *vel non,* of the ruling on the motion, which we proceed to consider.

The chancellor, we think, was clearly correct in his ruling thereon. Is there any sound or logical reason that can be assigned as to why a chancellor should be required to accept as a pleading an amended bill and exhibit, praying an injunction, which are "not in conformity with and not within the bounds and scope [which were not alleged or shown to be improper] of the previous order * * * or within the terms and allegations of the petition * * * to amend," and the exhibit is but a portion of what it purports to be, with a certificate which is "patently erroneous?" We think not. This Court, in the early case of *Bentley v. Cowman,* 6 G. & J. 152, said: "Pleadings in equity are founded in the purest principles of ethics, and marked by frankness and fair dealing." See also *Hamilton v. Whitridge,* 11 Md. 128. This statement is as appropriate and proper today as when written. Of course, amendments should be freely allowed, Maryland Rule 320 d 1 (b) ; however, in this case, the plaintiffs not only failed to request further leave to amend, but refused the opportunity to do so when further amendment was suggested by the chancellor. We hold that the chancellor's action in granting the motion *ne recipiatur* was correct and proper.

We are urged by the appellants that, if their contentions are not sustained in this appeal, the case be returned without prejudice with reference to further litigation between the parties hereto on the issues involved herein. We are unable to see our way clear to grant this request in the light of what we have said above. The request is comparable in some respects to an asking by an appellant-plaintiff, who has had a demurrer to his bill sustained and has refused an offer to permit him to amend, that the case be returned and he be allowed to amend, if he

loses his appeal. Certainly, this should not ordinarily be done.

In order that there may be no misunderstanding as to what we have, and have not, decided herein, we state that we have not attempted to decide, nor have we decided, the validity or invalidity of the later "Interim Zoning Ordinance" as it applies to any person not a party to this action; and, as between the parties hereto, we have not determined the validity or invalidity of said ordinance, except to the extent, if at all, that the course pursued by the plaintiffs herein has precluded their right again to assert, as against the appellee, the validity thereof, a question we are not called upon to decide at this time.

*Order affirmed; appellants to pay the costs.*