### SHAPIRO *v.* SHERWOOD, ET AL.
### KERPELMAN *v.* D'ALESANDRO

[No. 301, September Term, 1968.]

*Decided June 24, 1969.*

236

The cause was argued before HAMMOND, C. J., and MARBURY, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Leonard J. Kerpelman* for appellants.

*Jacob Yosef Miliman* for appellee D'Alesandro; no brief filed for other appellees.

SINGLEY, J., delivered the opinion of the Court.

This is an appeal from the action of the Superior Court of Baltimore City, dismissing petitions filed under Maryland's Fair Election Practices Act, Maryland Code (1957, 1967 Repl. Vol., 1967 Cum. Supp.) Art. 33 § 26-1 ff (the Act) and entering judgment for the defendants for costs.

On 7 September 1967, primary elections were held in the City of Baltimore. The appellant, Samuel Shapiro, unsuccessfully sought to be nominated as the Republican candidate for the office of mayor. The appellant, Leonard, J. Kerpelman, was a similarly unsuccessful candidate for the same office in the Democratic primary. Relying on the provisions of § 26-23 (a) of the Act, enacted by Ch. 392 of the Laws of 1967:

> "At any time within thirty days after any election held under the laws of this State, any defeated candidate at such election * * * may present * * * to the Superior Court of Baltimore City, a petition setting forth *under oath* that corrupt practices * * * were committed by the successful candidate * * * naming the successful candidate or candidates as defendants,

and praying that the fact alleged may be inquired into." (Emphasis supplied)

Shapiro filed a petition against Arthur W. Sherwood, the winner of the Republican primary; Kerpelman filed a petition against Thomas J. D'Alesandro, III, the winner of the Democratic primary; and Shapiro filed a petition against David Blum and David Shay, who were neither identified as candidates nor as the agents of candidates.

The petitions filed against Sherwood and D'Alesandro alleged that while § 26-8 (c) of the Act placed a limit of $15,000 on the amount which a candidate for city-wide office in Baltimore could expend from his own funds, Sherwood had reported campaign contributions of "at least $19,000", and D'Alesandro, of "at least $150,000." The petition filed against Blum and Shay alleged a violation of § 26-19 (b) of the Act which made the giving, offering or promising of "any money, gift, advantage, preferment, aid, emolument or any valuable thing whatever, for the purpose of inducing or procuring any person to vote", a corrupt practice.

To the petitions was appended an affidavit, reciting that Shapiro and Kerpelman

"* * * made oath in due form of law, as follows:

"Samuel Shapiro:

"As to [Sherwood], his allegations of violations are based on inferences he believes he has reasonably drawn from examination of the reports referred to; other facts are alleged on information and belief, and he believes them to be true.

"As to [Blum and Shay], his allegations are made on information and belief, and he believes them to be true.

"Leonard J. Kerpelman:

"As to [D'Alesandro], his allegations of violation are based on inferences he believes he has reasonably drawn from examination of the re-

ports referred to; other facts are alleged on information and belief."

Before the petitions were answered, Shapiro and Kerpelman, by leave of court, filed amended petitions identical with those previously filed save in two respects: in the petitions filed against Sherwood and D'Alesandro, it was alleged that § 26-13 (a)[1] of the Act, which details the manner in which account books of campaign treasurers must be kept, had been violated, since, it was alleged, no promises of payments or disbursements of things of value were listed or set forth in the accounts. Of even more importance is the second variance: the amended petitions were not under oath.

D'Alesandro, Blum and Shay moved to dismiss the petitions. The court below granted their motions and, on 19 June 1968, entered judgment for the defendants for costs. It was from this judgment that the present appeal was taken.

that § 26-23 of the Act, which requires a petition alleg-

We shall affirm the judgment on the narrow ground ing corrupt practices to be under oath, was not complied with when Shapiro and Kerpelman filed the amended petitions, to which no affidavit was appended. Under our practice, amendments are freely allowed in order to serve the ends of justice. Maryland Rule 320; *County Comm'rs v. C. J. Langenfelder & Son, Inc.,* 237 Md. 368, 206 A. 2d 710 (1965); *Stoewer v. Porcelain Enamel & Mfg. Co.,* 199 Md. 146, 85 A. 2d 911 (1952). It is equally well settled that when leave is granted to amend a declaration, not by adding an additional count, but by filing an amended declaration, the original declaration must be regarded as having been withdrawn. *County Comm'rs v. C. J. Langenfelder & Son, Inc., supra,* at 372; *Mayor & City Council of Balto. v. Maryland Pavement Co.,* 130 Md. 454, 100 A. 770 (1917); *Comm'rs of Aberdeen v. Bradford,* 94 Md. 670, 51 A. 614 (1902); *Ellinger v.*

---

1. A reference to § 26-13 (a) had been interlined in ink on the petitions originally filed.

*Mayor & City Council of Balto.*, 90 Md. 696, 45 A. 884 (1900) ; 2 Poe, *Pleading and Practice* (Tiffany Ed. 1925) § 189 at 137-38.

> "An amended pleading which is complete in itself and does not refer to or adopt a former pleading as a part of it supersedes the former pleading. The original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary, and the plaintiff cannot avail himself of the allegations contained in the superseded pleading, unless they are set out in the amended pleading or referred to therein. If the amended pleading is successfully attacked, the original pleading is not thereby restored, nor may the court arbitrarily order that such pleading be restored." 41 Am. Jur. *Pleading* § 313 (1942) at 507-08. *See* 71 C.J.S. *Pleading* § 321 a. (1951) at 716-17.

It follows that when Shapiro and Kerpelman filed their amended petitions, which restated and expanded what they conceived to be their cause of action, the original petitions must be regarded as having been withdrawn and were no longer a part of the case. When the original petitions went out of the case, the affidavits went with them. The amended petitions, fatally defective since they were not under oath as required by § 26-23 (a) of the Act, were properly dismissed.

Under our view of the case, we need not reach the question whether the affidavits appended to the original petitions evidenced oaths of the sort contemplated by the Act. We note, however, that Maryland Rule 5 c, as it read when the Act was passed, defined an oath as "* * * a solemn promise and declaration sworn to under the penalties of perjury that a certain statement of fact is true."

*Judgment affirmed; costs to be paid by appellants.*