## ROBERTSON ET AL. *v.* DAVIS ET AL.

[No. 248, September Term, 1973.]

*Decided May 30, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Kurt Berlin* for appellants.

*Leonard S. Blondes* for appellees.

DIGGES, J., delivered the opinion of the Court.

The appellants bring this appeal contending that the trial judge, in this jury case, committed error when he allowed the appellees leave to amend their pleadings to include claims for rent, which had accrued from the institution of this suit to the day of trial.[1] In support of their efforts to obtain a reversal, appellants reason that because a suit for rent involves an independent cause of action in assumpsit for each rental payment as it becomes due, the monthly rent obligations which have accrued in this instance subsequent to the institution of suit cannot be appended to it. This is so, they say, because these latter demands for rent are not part and parcel of a "continuing injury." Assuming, without deciding, that each rental payment as it accrues in this case gives rise to a separate cause of action, nevertheless, it is our opinion that the trial judge was authorized by the Maryland Rules to permit the amendment.

We have reached this conclusion by reading two of these rules together. Rule 320 c 2 makes it abundantly clear that "[i]n a case tried before a jury," the trial judge may permit any party to amend his pleadings "any time before the jury retires to make up its verdict." And, Rule 313 a states that "[t]he plaintiff may join in one action either as independent or as alternate claims as many claims as he may have against the defendant . . . ." That claims can be joined before or after the institution of the suit through the combined action of these rules was established by our decision in *Cook v. Alexandria Nat'l Bank*, 263 Md. 147, 150, 282 A. 2d 97 (1971), where it is said that "[t]he mere initiation of a suit . . . does not constitute an election which would bar . . . an amended claim from being filed in the same action . . . ."

The objective of these rules is to facilitate the attainment of a just, speedy and inexpensive determination of all disputes between the same parties. *Preissman v. Harmatz,*

---

1. Appellees filed suit on January 29, 1973, asking for, among other things, the monthly rent owed from August 1972 to the date of the filing. By the time of trial, September 20, 1973, eight more months of unpaid rent had accrued. With the exception of one month's rent paid by a new tenant, the appellees asked leave to amend their pleadings to include the rent owed for these months. This is the amendment in dispute here.

264 Md. 715, 288 A. 2d 180 (1972); *Hall v. Barlow Corporation,* 255 Md. 28, 255 A. 2d 873 (1969); *Martin v. Carl,* 213 Md. 564, 132 A. 2d 601 (1957). Indicative of this, is Rule 320 d 1 (b) which, in part, expressly provides that "[a]n amendment shall not be made without leave of court but leave to amend shall be freely granted in order to promote justice." What we have heretofore said is subject to the well settled principle that whether to permit an amendment rests within the sound discretion of the trial judge, and this discretion is subject to review on appeal only for its abuse. *Preissman v. Harmatz, supra; Hall v. Barlow Corporation, supra; Town of Somerset v. Board,* 245 Md. 52, 225 A. 2d 294 (1966). Of course, an amendment should never be allowed if prejudice to the opposing party or undue delay results, though a continuance may be necessitated at times to avoid the former.

As we conclude that the trial judge could permit the appellees to amend their pleadings to include additional claims for rent allegedly due at the time of the trial, and as appellants did not claim, nor do we perceive, that they were prejudiced by the amendments allowed here, we will affirm the judgment.

*Judgment affirmed.*
*Costs to be paid by appellants.*