483 A.2d 43

**Nathaniel McSWAIN et ux.**

v.

**TRI–STATE TRANSPORTATION CO., INC.**

**No. 48, Sept. Term, 1983.**

Court of Appeals of Maryland.

Nov. 1, 1984.

---

364

Robert G. Samet, Rockville (Ashcraft & Gerel, Rockville, on brief), for appellants.

Brian J. Nash, Silver Spring (Cynthia Callahan and Donovan & Nash, Silver Spring, on brief), for appellee.

Argued Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON * and RODOWSKY, JJ.

PER CURIAM.

Tri-State Transportation Co., Inc. (Transportation) is a New Jersey corporation registered to do business in Maryland. Its Maryland address is 25 Thomas Street in Baltimore City and its resident agent is Clifford L. Moore of Baldwin, Maryland. Tri-State Trucking, Inc. (Trucking) is a Delaware corporation registered to do business in Maryland. Its resident agent is James C. Dew of Federalsburg, Maryland. There is no connection whatsoever between the two corporations.

On November 3, 1975, Nathaniel McSwain was injured during the course of his employment. He was granted a workmen's compensation award. According to McSwain, his injury was actually caused by the negligence of a third party, a trucking company. It ultimately appeared that the trucking company involved in the incident was Transportation, but a comedy of errors began when McSwain named Trucking as the corporation responsible for his injury. He first did so in correspondence seeking further redress for his injury. His attorney wrote letters to Trucking with regard to the matter but they were sent to Transportation's Maryland address. A reply was received from Transportation's insurance carrier, Aetna Insurance Company. The

---

* Davidson, J., participated in hearing and in the conference of the case in regard to its decision, but because of illness did not take part in the adoption of the opinion.

matter was referred to therein as Nathaniel McSwain v. Tri-State Trans. Co., Inc. Aetna "advised" McSwain's attorney that it had the accident under investigation and requested medical reports and other information. Subsequent correspondence between McSwain's attorney and Aetna referred to the claim as being against Transportation. When it appeared that settlement was not forthcoming, McSwain on November 3, 1978, filed an action in the Circuit Court for Prince George's County seeking damages for negligence. His wife joined therein asking for compensation for loss of consortium. The defendant named was Trucking, but the address given was that of Transportation. Service was requested on Dew, Trucking's resident agent. On February 13, 1979, McSwain sought service on Moore, Transportation's resident agent, and he was duly served. However, McSwain did nothing to change the name of the defendant to Transportation, and on October 3, 1979, a judgment by default was entered against Trucking. Trucking filed a motion to amend the name of the defendant as it appeared in the records of the court to Tri-State Vehicle Leasing, Inc., apparently because Moore was also the resident agent of that corporation as well as of Transportation. The motion was denied. McSwain filed a motion requesting that the default judgment entered be amended to show Transportation as the defendant. The record does not show that the court expressly ruled on this motion but on May 27, 1980 a motion by Trucking to strike the judgment by default was granted. This left the original declaration with Trucking as the defendant for trial.

On January 19, 1981, McSwain filed an amended declaration in which, at long last, Transportation was named as the defendant. But service was requested and obtained against Dew, Trucking's resident agent. Then, several months later, McSwain requested service on Moore, Transportation's resident agent, and he was served on April 4, 1981. Thus, after nearly two and a half years, McSwain's action was before the court in the form he originally had contemplated. This state of affairs was short lived. Transporta-

tion demurred to the amended declaration and in the alternative requested that it not be received or that it be stricken. The motion *ne recipiatur* was granted on August 28, 1981. This left the original declaration standing. McSwain appealed and then dismissed the appeal for the reason that "no final judgment [had] been entered in the court below." On February 16, 1982, Trucking moved for summary judgment in its favor. The motion was granted. Deeming that the case had now reached final judgment, McSwain noted an appeal "from the Order entered in this case granting [Transportation's] Demurrer/Motion Ne Recipiatur or to Strike as to the Amended Declaration on August 28, 1981, and from the Order granting summary judgment against [McSwain] dated March 4, 1982."

The Court of Special Appeals in an unreported per curiam opinion held that the summary judgment in favor of Trucking was properly granted, and that the order granting the motion *ne recipiatur* was a final order as "[i]t laid to rest any and all issues concerning Transportation and effectively removed it from the case." In affirming the judgment, it asserted:

> While an appeal was taken within the time allowed by the rules, it was subsequently voluntarily dismissed. That ended the matter insofar as Transportation was concerned, if in fact, Transportation was ever a party. Hence, there is nothing before us with respect to that corporate body.

The court gratuitously commented: "For whatever solace it may be to [McSwain], we observe that if this matter were before us on the merits, we would have no hesitancy in holding as a matter of law that the suit against Trucking instead of Transportation was not a misnomer, and that the Statute of Limitations barred [McSwain's] recovery from Transportation." Upon McSwain's petition we ordered the issuance of a writ of certiorari.

■ McSwain first charges error on the part of the Court of Special Appeals in ruling that the grant of the motion *ne*

*recipiatur* constituted a final appealable order. As a preliminary to a discussion of this issue, we deem the Amended Declaration to be, in effect, simply an amendment to the original declaration by substituting Transportation in lieu of Trucking as the defendant. In all other respects the two declarations were identical. No one, below or on appeal, has suggested that by the mere filing of the amended declaration, the original declaration must be regarded as withdrawn and is not restored even if the amended declaration is successfully attacked. *But see Conklin v. Schillinger,* 255 Md. 50, 75–76, 257 A.2d 187 (1969); *Shapiro v. Sherwood,* 254 Md. 235, 238–239, 254 A.2d 357 (1969). The substitution of Transportation for Trucking having been denied, Trucking remained as the defendant. McSwain's claim as to Trucking had not been litigated. That is why a judge at a pre-hearing conference regarding McSwain's first appeal suggested that under Maryland Rule 605 a the grant of the motion *ne recipiatur* was not a final appealable order. *See Picking v. State Finance Corp.,* 257 Md. 554, 558, 263 A.2d 572 (1970). Upon that suggestion McSwain voluntarily dismissed the first appeal. It was when summary judgment was granted in favor of Trucking that no claim against any defendant remained unadjudicated, and the grant of the *ne recipiatur* motion was rendered final. It is the appeal then taken that is before us and it still stands. When that appeal was noted all claims had been adjudicated. Thus, we reach the same conclusion as did the Court of Special Appeals but by a different route. We are in accord with that court's holding that the grant of the motion *ne recipiatur* was a final, appealable judgment. *See* Maryland Code (1974, 1984 Repl.Vol.) § 12–101(f) of the Courts and Judicial Proceedings Article; *Mooring v. Kaufman,* 297 Md. 342, 347, 466 A.2d 872 (1983); *Fred W. Allnutt, Inc. v. Comm'r, Lab. & Ind.,* 289 Md. 35, 40, 421 A.2d 1360 (1980); *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 91, 394 A.2d 801 (1978); *Co. Comm'rs. v. C.J. Langenfelder,* 237 Md. 368, 373, 206 A.2d 710 (1965).

■ McSwain's second and final issue on appeal concerns the question whether the designation of Trucking rather than Transportation in the original declaration was a misnomer or a misjoinder. The distinction is important for the reason that although ordinarily an action shall not abate by reason of either a misnomer or misjoinder of a party, "[w]hen an amendment is made to correct ... misjoinder, ... some one of the original defendants must remain as part[y] to the action." Md.Rule 320 b 1. Thus, if the designation of Trucking as the defendant was a misjoinder, an amendment substituting Transportation would not lie; the amendment would be proper, however, were there a misnomer.

At the hearing on the motion *ne recipiatur,* the misjoinder-misnomer question was fully argued, but in granting the motion in open court the judge articulated no reasons for his decision. The Court of Special Appeals' opinion in which the judgment of the lower court was affirmed, had no need, in the light of its reasoning, to address the question except by way of the gratuitous comment that if the court had reached the question it would have held that the suit against Trucking instead of Transportation was not a misnomer. Inasmuch as we think that it is apparent that the ruling of the trial court was predicated upon its belief that a misjoinder rather than a misnomer was involved, we invoke the discretion bestowed on us by Md.Rule 885 and resolve the question.

Trucking asserted that

Transportation was at all times fully aware that they were the intended defendant. Before suit was ever filed Transportation notified its liability insurance carrier of its potential liability and the carrier contacted Appellants' attorney about obtaining medical reports, possible settlement of the case and the carrier's investigation of the accident. Transportation's correct resident agent was served with the summons and the Declaration, the caption of which contained Transportation's correct address and the body of which contained a fact pattern which alleged

that the action concerned an accident which occurred during a truck delivery at a department store at which Transportation made regular deliveries. Service of process on Transportation's resident agent occurred within the applicable limitations period.... (citations to the record extract are omitted).

At the hearing below in which the court granted the motion *ne recipiatur*, McSwain's counsel proffered that he had communicated with Transportation's counsel a long time ago. Transportation's counsel had informed McSwain's counsel that Transportation was aware that suit was pending and, in fact, had received the suit papers before the statute of limitations had run, but had chosen not to answer. Rather, Transportation's counsel chose to stand on the technical defense of the misnaming of the defendant. Transportation's counsel accepted the proffer and it was received by the court. We agree with McSwain's assertion that Transportation was neither prejudiced nor misled by the naming of Trucking rather than Transportation as the defendant.

In the unique circumstances here, we think that the designation of Trucking was a misnomer. The name of Transportation and the name of Trucking are similar, and we are satisfied from the course of events that the naming of Trucking instead of Transportation in the original declaration was inadvertent. The failure to correct the misnomer promptly, however, and the mix-up as to the resident agents was pure carelessness. *See Dart Drug Corp. v. Hechinger Co.*, 272 Md. 15, 28–29, 320 A.2d 266 (1974); *W.U. Tel. Co. v. State, Use Nelson*, 82 Md. 293, 305–308, 33 A. 763 (1896); *First National Bank v. Jaggers*, 31 Md. 38, 46–48 (1869). "Amendments shall be freely permitted in order to promote justice." Md.Rule 320 d 5. *See Dart Drug Corp.*, 272 Md. at 29, 320 A.2d 266; *Robertson v. Davis*, 271 Md. 708, 709–710, 319 A.2d 816 (1974). In the words of the court in *W.U. Tel. Co.*, "To hold, under such circumstances, that the amendment brought in a new party and thereby enabled it to plead limitations, to be computed

from the filing of the amended declaration and not from the commencement of the action, would be gross injustice to the plaintiff." 82 Md. at 307–308, 33 A. 763. We hold that the grant of the motion *ne recipiatur* by the Circuit Court for Prince George's County was erroneous. It follows that the Court of Special Appeals erred in affirming the judgment of that court.

Transportation argues that it has long been the law of this State that the allowance or denial of an amendment is within the sound discretion of the trial court, and that absent an abuse of that discretion, its exercise will not be reviewed. The cases it cites in support of this assertion were decided when it was necessary to obtain the leave of court to make an amendment. Md.Rule 320 d 1 now provides: "An amendment may be made without leave of court subject to the right of objection made pursuant to Rule 320 d 5." That Rule states that "[o]bjection to an amendment may be made by motion to strike filed within fifteen (15) days." Rule 322 prescribes:

A motion that any pleading be not received either because it is filed too late or is not properly verified, or for any other reason ... may be made either by a motion *ne recipiatur* or by a motion to strike, or both.

Here the amendment which Transportation asked the court not to receive was made pursuant to Rule 320 which, as we have seen, does not now require leave of court. The amendment was not predicated on an exercise of the court's discretion. Thus, the motion not to receive the amendment was to be decided, not as a matter of the court's discretion, but as a matter of law. We have said that the amendment was permissible because the incorrect designation of the defendant was a misnomer. Therefore the court had no choice but to deny the motion and the grant of it was error. *See Lancaster v. Gardiner,* 225 Md. 260, 270–271, 170 A.2d 181 (1961).

We are constrained to observe that we do not condone McSwain's inadequate pleading practices. We deplore the waste of money and of judicial time that resulted. We

believe that it is fitting, in the circumstances, that appellants be assessed the costs even though they have prevailed on this appeal.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY; AND TO REMAND THE CASE FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLANTS.