ARONSTAMN, Infant, ET AL. *v.* COFFEY

[No. 416, September Term, 1969.]

*Decided July 10, 1970.*

48

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Joseph F. Lentz, Jr.*, with whom were *Monfred, Lentz & Hooper* on the brief, for appellants.

*A. Owen Hennegan* for appellee.

PER CURIAM.

This is yet another case in which there was a collision between a child and an automobile in a public street. The appellants, Joseph Henry Aronstamn (five years and eleven months old at the time of the accident) and his father, were plaintiffs in the trial court. They here appeal an adverse verdict, complaining relative to the court's instructions. For procedural reasons, the appeal will be dismissed.

The accident in question took place on December 7, 1965, when a pickup truck operated by the appellee, Ivan Moore Coffey, was proceeding in a southerly direction on Hillsway Avenue in Baltimore County. The accident took place a short distance north of Mantle Street in an area where the speed limit is 25 miles per hour.

After a jury returned a verdict in favor of the defendant, plaintiff made a motion for a new trial. The motion was overruled. An appeal to this Court was entered a number of days later. As of the time of appeal no final judgment had been entered, although the clerk should have entered judgment. Therefore, the appeal must be dismissed, since the appeal was from a judgment *nisi*. *Hawkins v. GMAC*, 250 Md. 146, 148, 242 A. 2d 120 (1968) ; *Merlands Club v. Messall*, 238 Md. 359, 208 A. 2d 687 (1965) ; and *Md., Del. & Va. Rwy. Co. v. Johnson*, 129 Md. 412, 99 A. 600 (1916). To avoid the expense and delay of another appeal, however, we shall indicate our views pursuant to the authority of Maryland Rule 885.

The trial judge (Raine, J.) gave a fair, full and com-

prehensive instruction to the jury. The plaintiffs requested numerous detailed instructions. On appeal it is urged that the trial judge erred in failing to grant approximately a dozen of those instructions.

Much of what Chief Judge Brune said for the Court in *Lemons v. Chicken Processors*, 223 Md. 362, 164 A. 2d 703 (1960), is here relevant:

> "This brings us back to the basic question—whether the plaintiff was entitled to a specific instruction based upon the size, weight and unwieldiness of the tractor-trailer. If the trial court had undertaken to discuss the facts in detail in the charge to the jury, we may assume that an instruction along the lines requested, not overemphasizing any one factor or carrying the implication of any higher degree of care being required, would have been proper and, indeed, should have been given. But in the instant case, the trial judge did not give a charge reviewing the facts in detail, and we do not think that he was bound to do so. Sometimes a charge embodying a particular rule of law may be necessary in order to prevent an abstract, general charge which is granted, and which may in itself be a correct charge, from being misleading. *State, Use of Taylor v. Barlly*, 216 Md. 94, 99, 140 A. 2d 173. In the present case, however, we find no such situation. The type of charge to be given—whether detailed or general—was within the discretion of the trial judge, and he was not required to include the requested instruction in it. *Ager v. Baltimore Transit Co.*, [213 Md. 414, 132 A. 2d 469 (1957)]. In that case we said (213 Md. at 425-426) : 'The appellant * * * contends that she was entitled as a matter of right to have the jury instructed as to every detail of the duties of the operator of the motor-car,.

50

such as his duty to keep a proper lookout, to have the car under proper control and to regulate the speed of his car according to what is reasonable and proper in view of the circumstances, etc. While there is no objection to the trial court's pointing out any and all of the reciprocal duties and obligations of the respective parties in minute detail, there is no obligation that it do so, provided the subject is fully and comprehensively covered in the charge to the jury. * * * [Maryland Rules, Rule] 554 b 1. *Singleton v. Roman*, 195 Md. 241, 248, 72 A. 2d 705. * * * Her counsel * * * could have argued any legal duty or obligation on the part of the operator of the street-car that did not contravene the instructions of the court.' Here as there, we think the instructions given by the trial judge did adequately inform the jury concerning the duties of the defendants, and that it was discretionary with him as to whether or not each detailed obligation should be mentioned in his charge. The *Ager* case is cited with approval on the subject of the kind of instructions to be given in *State, Use of Taylor v. Barlly, supra,* (216 Md. at 283, though the rule of the *Ager* case was not there found applicable), in *Kantor v. Ash,* 215 Md. 285, 291, 137 A. 2d 661, in *Casey v. Roman Catholic Archbishop,* 217 Md. 595, 612, 143 A. 2d 627, and in *Ruella v. MacCauley,* 220 Md. 461, 463, 154 A. 2d 715. The last seems directly in point here. We think that the instructions given were sufficient and that the trial court did not commit error in declining to grant the plaintiff's prayer based upon the size, weight and lack of maneuverability of the tractor-trailer." *Id.* at 369-70.

See also *Belleson v. Klohr,* 257 Md. 642, 651-54, 264 A. 2d 274 (1970).

The complaint here presented does not pertain to any

of the instructions given. It pertains only to the failure of the trial judge to give further instructions. See *Peterson v. Goodyear Tire,* 254 Md. 137, 144, 254 A. 2d 198 (1969), quoting from *Aleshire v. State,* 225 Md. 355, 370, 170 A. 2d 758 (1961), that the trial judge is under no obligation to grant "[r]equested written instructions, even though they be correct expositions of the law, * * * provided 'the matter is fairly covered by instructions actually given * * *'". The instructions as given were broad enough to permit counsel to fit proper arguments within them. We perceive no error.

*Appeal dismissed; appellants to pay the costs.*