STATE OF MARYLAND *v.* WILLIAM DuWAYNE PIKE

[No. 106, September Term, 1979.]

*Decided February 13, 1980.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE and DAVIDSON, JJ.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Terrence J. McGann, Assistant State's Attorney for Prince George's County,* on the brief, for appellant.

*Walter H. Madden* for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

William DuWayne Pike, the defendant-appellee in this criminal case, was accused in a ten count indictment (No. 19601) of various criminal offenses. The charges were all based upon one continuous episode involving the alleged abduction of a woman and performance of third degree sexual offenses upon her. At the defendant's trial in the Circuit Court for Prince George's County, before the case was submitted to the jury, a judgment of acquittal was granted as to count 10, the State nolle prossed counts 1, 3 and 8, and count 5 was dismissed by the court on its own motion.[1] Counts 2, 4, 6, 7 and 9 were submitted to the jury.

---

1. For purposes of this opinion, it is unnecessary to set forth the particular offense alleged in each count.

The jury acquitted the defendant on count 7, convicted him on count 9, and was unable to reach verdicts on counts 2, 4 and 6. The court then declared a mistrial on counts 2, 4 and 6, and granted the defendant a new trial on count 9.

The defendant was then charged in a one count indictment (No. 20080) with kidnapping. This indictment was based upon the same episode which gave rise to the other charges in case No. 19601. For purposes of trial, No. 20080 was consolidated with the re-trial on counts 2, 4, 6 and 9 in No. 19601.

The defendant filed special pleas of "former jeopardy" and "autrefois acquit" in both cases, along with "motions to bar further prosecution" in the cases. On April 30, 1979, the trial court dismissed indictment No. 20080, and the docket entries reflect an order of dismissal on that date. On May 7, 1979, the court filed a six-page "Memorandum And Order Of Court" in case No. 19601. The circuit court held that further prosecution on counts 2, 4 and 9 was barred by double jeopardy principles and the holding in *Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975). In addition, the circuit court held that further prosecution on count 6 was barred by principles of collateral estoppel, as set forth in *Ashe v. Swenson,* 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). *See also Powers v. State,* 285 Md. 269, 401 A.2d 1031, *cert. denied,* 444 U.S. 937, 100 S. Ct. 288, 62 L. Ed. 2d 197 (1979). The circuit court's "Memorandum And Order" concluded:

"ORDERED, that the prosecution of the defendant, William DuWayne Pike, in C.T. No. 19601, on Counts 2, 4, 6 and 9 be, and hereby is, barred."

This was the last document issued by the circuit court in case No. 19601. No order dismissing the indictment was signed or entered on the docket in the case.

The State on May 16, 1979, took appeals to the Court of Special Appeals in both cases. Because of the double jeopardy and collateral estoppel issues raised by the State, this Court issued a writ of certiorari prior to any proceedings in the Court of Special Appeals.

The defendant, at the time of filing his brief in this Court,

also filed a motion to dismiss both appeals, although on different grounds. Dismissal as to No. 20080 was sought on the ground that the State in its brief had abandoned the appeal. With regard to No. 19601, the defendant's motion, for the first time, called to our attention the absence of any order dismissing the indictment. Dismissal was sought on the ground that the attempted appeal was taken from a non-appealable order.

The State, apparently acknowledging that it was abandoning the appeal in case No. 20080 (and this is evident from the State's opening brief), opposed the motion to dismiss only with regard to case No. 19601. The State argued that we should treat the "Memorandum And Order Of Court" as an order dismissing the indictment.

Maryland Code (1974, 1979 Cum. Supp.), § 12-302 (c) of the Courts and Judicial Proceedings Article delineates precisely the authority of the State to take an appeal in a criminal case. That section provides:

"In a criminal case, the State may appeal:

(1) From a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition; and

(2) From a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code."

Apart from the matter of an unlawful sentence under paragraph (2), the State's authority to appeal is limited to the situation where there is a dismissal of the charging document. Moreover, in a case such as this one, the dismissal of the indictment is the final appealable order. *See Irvin v. State,* 276 Md. 168, 172, 344 A.2d 418 (1975), and cases there cited. In No. 19601, there was simply no dismissal of the indictment giving rise to a final appealable order.

Moreover, we could not, consistent with orderly procedure and the prior decisions of this Court, treat the non-final "Memorandum And Order Of Court" which did not dismiss the indictment, as the equivalent of a final order of dismissal.

*Cf. Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976), and cases there cited.

The appeal in circuit court case No. 20080 will be dismissed on the ground of abandonment. The appeal in circuit court case No. 19601 will be dismissed because of the absence of an appealable order.

*Appeals dismissed.*
*Prince George's County to pay costs.*