513 A.2d 291

**E. Edward HOUGHTON et ux.**

**v.**

**COUNTY COMMISSIONERS OF KENT COUNTY, Maryland.**

No. 76, Sept. Term, 1985.

Court of Appeals of Maryland.

Aug. 22, 1986.

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

## ON MOTION FOR RECONSIDERATION

ELDRIDGE, Judge.

The plaintiffs have filed a motion for reconsideration of our decision dismissing the appeal in this case, *Houghton v. County Comm'rs of Kent Co.*, 305 Md. 407, 504 A.2d 1145 (1986). In addition, the Maryland State Bar Association, as amicus curiae, has filed a memorandum in support of the motion for reconsideration. Neither the plaintiffs nor the Bar Association challenge the Court's holding that "an unqualified order granting a motion to dismiss or strike the plaintiff's initial pleading, thereby having the effect of putting the parties out of court, is a final appealable order." 305 Md. at 412, 504 A.2d 1145. Nonetheless, both the

plaintiffs and the Bar Association maintain that the present appeal should not be dismissed.

The argument made in the plaintiffs' motion for reconsideration begins with the assertion that, "[u]ntil publication of the majority's opinion in this case, it has been the perception of the Bar and the Judges of the Court of Special Appeals that it [an appeal] is 'permitted by law' after judgment has been *entered* with the use of the word 'judgment' on the docket." (Motion, pp. 4–5). The plaintiffs suggest that "[i]f this Court or its Standing Committee on Rules of Practice and Procedure had ever resolved that it was not necessary to have the word 'judgment' in the docket entry, someone neglected to inform [the bar and] the Court of Special Appeals." (*Id.,* p. 13). The authority for this "perception" of the law by the bar and judges is said to be *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976); *Aronstamn v. Coffey,* 259 Md. 47, 267 A.2d 741 (1970); and *Felger v. Nichols,* 30 Md.App. 278, 352 A.2d 330 (1976), cited with approval in *Impala Platinum v. Impala Sales,* 283 Md. 296, 327, 389 A.2d 887 (1978). (*Id.,* p. 5). Based on the premise that our holding in the case at bar was novel, the plaintiffs argue at length that it is unfair to dismiss their appeal. The plaintiffs contend that, because our decision overrules prior precedent, it should be given prospective effect only. They state (*id.,* p. 15):

"The decision in this case establishes a new principle of law by overruling a clear past precedent on which the Judges of the Court of Special Appeals and litigants, including Appellants, have relied, and by deciding an issue of first impression whose resolution was not clearly foreshadowed.

'A decision overruling a judicial precedent will be limited to prospective application where to give it retroactive effect would impose undue hardship on persons who have justifiably relied on the the overruled precedent. A distinction has sometimes been made as to whether the overruling has been deemed to be retroactive in effect, or was one of *procedural law,* in which

case the overruling has been deemed as merely *prospective* in effect.' 20 Am.Jur 2d *Courts* § 233 (1965) (emphasis added)."

The plaintiffs also argue that, instead of dismissing their appeal, we should follow the approach taken in *Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A.2d 521 (1975).

The Maryland State Bar Association, in its memorandum supporting the motion for reconsideration, takes essentially the same position as the plaintiffs. The Bar Association asserts that the decision in the instant case "established a new principle," that it "overruled" *Felger v. Nichols, supra,* 30 Md.App. at 279, 267 A.2d 741, that the docket entries of dismissal in this case on January 21, 1985, and January 23, 1985, do not denote a judgment under prior case law (citing *Eastgate Associates v. Apper, supra,* 276 Md. at 699, 350 A.2d 661), and that previously the "unwary . . . would have relied on the holding in *Felger v. Nichols.*" (Memorandum, pp. 5–7). Therefore, the Bar Association contends, the holding in the instant case should be given prospective effect only. Principal reliance is placed upon the Supreme Court's opinion in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Alternatively, the Bar Association asserts that the federal courts have "craft[ed] 'the unique circumstances doctrine' to permit an appeal even though the letter of the rules for appeal has been violated." (Memorandum, pp. 20–21). It "is applied to permit an 'otherwise untimely appeal.'" (*Id.,* p. 21). According to the Bar Association, "this 'unique circumstances doctrine' is . . . used when an appellant is led astray by judicial action or the like. The 'doctrine' protects a limited class of appellants who, otherwise, would be left remediless. . . . The 'doctrine' is broad enough to countenance protecting Appellant[s] in the case at bar." (*Id.,* pp. 21–22). The Bar Association states that the "doctrine" is "[g]rounded in [the] Supreme Court decisions . . . [in] *Thompson v. I.N.S.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), and *Harris Truck Lines v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962)."

(*Id.,* p. 21). The Association places principal reliance upon *Feister v. Turner,* 783 F.2d 1474 (9th Cir.1986).

## I.

█ The argument advanced by the plaintiffs, and the principal argument of the Bar Association, rests upon the entirely erroneous premise that our decision in this case was novel and overruled prior cases in this Court.

As both the Supreme Court and this Court have made clear, the question of whether a particular judicial decision should be applied prospectively or retroactively, depends in the first instance on whether or not the decision overrules prior law and declares a new principle of law. If a decision does not declare a new legal principle, no question of a "prospective only" application arises; the decision applies retroactively in the same manner as most court decisions. *United States v. Johnson,* 457 U.S. 537, 548–549, 102 S.Ct. 2579, 2586, 73 L.Ed.2d 202 (1982); *Chevron Oil Company v. Huson, supra,* 404 U.S. at 106, 92 S.Ct. at 355; *Hanover Shoe, Inc. v. United Shoe Mach. Corp.,* 392 U.S. 481, 496, 88 S.Ct. 2224, 2233, 20 L.Ed.2d 1231 (1968); *Potts v. State,* 300 Md. 567, 577, 479 A.2d 1335 (1984); *State v. Hicks,* 285 Md. 310, 336–338, 403 A.2d 356 (1979); *Wiggins v. State,* 275 Md. 689, 719–732, 344 A.2d 80 (1975) (dissent). For example, in *Hanover Shoe, Inc. v. United Shoe Mach. Corp., supra,* a civil antitrust action, the Supreme Court held that it was not necessary to decide whether the principle of non-retroactivity should be applied to certain antitrust decisions, saying (392 U.S. at 496, 88 S.Ct. at 2233, emphasis supplied):

"The theory of the Court of Appeals seems to have been that when a party has significantly relied upon a clear and established doctrine, and the retrospective application of a newly declared doctrine would upset that justifiable reliance to his substantial injury, considerations of justice and fairness require that the new rule apply prospectively only.... *There is, of course, no reason to confront this theory unless we have before us*

*a situation in which there was a clearly declared judicial doctrine upon which United relied and under which its conduct was lawful, a doctrine which was overruled in favor of a new rule according to which conduct performed in reliance upon the old rule would have been unlawful.* Because we do not believe that this case presents such a situation, we have no occasion to pass upon the theory of the Court of Appeals."

Just recently, in *Potts v. State, supra,* 300 Md. at 577, 479 A.2d 1335, Chief Judge Murphy pointed out for this Court that "where a decision has applied settled precedent to new and different factual situations, the decision always applies retroactively."

Our holding in the case at bar, that an unqualified order granting a motion to dismiss or strike the plaintiff's entire initial pleading is final and appealable, is not "novel" and does not overrule any earlier cases in this Court.

We have said on numerous occasions that "the 'accepted test in determining finality' is whether '[t]he effect of the court's ruling was to put the plaintiff out of court and deny her the means of further prosecuting her case....'" *Mooring v. Kaufman,* 297 Md. 342, 347, 466 A.2d 872 (1983) (quoting *McCormick v. St. Francis De Sales Church,* 219 Md. 422, 426–427, 149 A.2d 768 (1959)). *See, e.g., Litton Bionetics v. Glen Constr.,* 292 Md. 34, 42, 437 A.2d 208 (1981); *Smith v. Taylor,* 285 Md. 143, 146–147, 400 A.2d 1130 (1979); *Hillyard Constr. Co. v. Lynch,* 256 Md. 375, 380, 260 A.2d 316 (1970); *Gittings v. State ex rel. Ockerme,* 33 Md. 458, 461 (1871).

Applying this standard, this Court has consistently taken the position that orders dismissing, or granting motions to dismiss or to strike or motions ne recipiatur with respect to the plaintiff's entire initial pleading, are final and appealable. *See, e.g., Bailey v. Woel,* 302 Md. 38, 41 n. 1, 485 A.2d 265 (1984); *McSwain v. Tri-State Transportation,* 301 Md. 363, 368, 483 A.2d 43 (1984); *Mooring v. Kaufman, supra,* 297 Md. at 347–348, 466 A.2d 872; *Co. Comm'rs v. C.J.*

*Langenfelder*, 237 Md. 368, 372–373, 206 A.2d 710 (1965); *McCormick v. Church, supra,* 219 Md. at 426–427, 149 A.2d 768; *Wagoner v. Wagoner,* 77 Md. 189, 194, 26 A. 284 (1893); *Price v. Taylor,* 21 Md. 356, 364 (1864).

In fact, the proposition that the dismissal of an entire initial pleading is a final judgment has always been so well understood, that this Court on many occasions has decided whether a given order is final and appealable by determining whether it is equivalent to an order of dismissal. For example, in *Hendrickson v. Standard Oil Co.,* 126 Md. 577, 582, 95 A. 153 (1915), an order sustaining a demurrer to a bill of complaint was held appealable because "the order had the effect of virtually dismissing the bill." In *McNeice v. Eliason,* 78 Md. 168, 175, 27 A. 940 (1893), holding that an order sustaining a demurrer to the entire bill of complaint was final and appealable, this Court stated that "this order does not in terms dismiss the bill, but that was its necessary result." *Accord: Magness v. Loyola Sav. & L. Ass'n.,* 186 Md. 569, 571, 47 A.2d 769 (1946). *See Maas v. Maas,* 165 Md. 342, 344, 168 A. 607 (1933). *See also United States v. Proctor & Gamble Company,* 356 U.S. 677, 680, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958) ("The orders of dismissal were final orders ending the case"); *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U.S. 516, 517, 43 S.Ct. 170, 171, 67 L.Ed. 372 (1923) ("The order entered below, although in form an order to quash the summons, and not a dismissal of the suit, is a final judgment, and the case is properly here."); *The Pesaro* 255 U.S. 216, 217–218, 41 S.Ct. 308, 65 L.Ed. 592 (1921) ("[T]he decree ends the suit as effectually as if it formally dismissed the libel. Obviously, therefore, it is final.")

In a multitude of other cases, appeals of orders granting motions to dismiss or strike the plaintiffs' initial pleadings have been decided on the merits, with neither the parties nor the Court even questioning appealability. *See, e.g., Mohamed v. Michael,* 279 Md. 653, 370 A.2d 551 (1977); *Morris v. Howard Res. & Dev. Corp.,* 278 Md. 417, 422, 365 A.2d 34 (1976); *Geelhoed v. Jensen,* 277 Md. 220, 352 A.2d

818 (1976); *Harris v. Arlen Properties,* 256 Md. 185, 191, 260 A.2d 22 (1969); *Vitro Electronics v. Milgray,* 255 Md. 498, 258 A.2d 749 (1969).

The General Assembly likewise has operated under the assumption that an order granting a motion to dismiss the initial pleading is a final judgment. Thus, Maryland Code (1974, 1984 Repl.Vol.), § 12–302(c)(1) of the Courts and Judicial Proceedings Article, provides as follows:

> "The State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition."

*See State v. Pike,* 287 Md. 120, 123, 410 A.2d 1079 (1980).

This Court considered the precise issue presented by the instant case a year ago in *Johnson v. Borg-Warner Acceptance Corp.,* 303 Md. 617, 495 A.2d 836 (1985). In that case, David Johnson was appointed Receiver of the assets of Paul T. Connelly in the course of bankruptcy proceedings filed by Paul's brother, John Connelly. Johnson brought an action in the Circuit Court for Montgomery County in which he sought to set aside an allegedly preferential transfer to Borg-Warner Acceptance Corporation, which held a judgment against Paul. Borg-Warner filed a motion to dismiss under Rule 2–322(b). On November 30, 1984, an order was entered granting the defendant's motion. The order did not use the word "judgment." Mr. Johnson took an appeal from that order, but the Court of Special Appeals dismissed the appeal on its own motion, holding that the order appealed from was not a final judgment. Unlike the plaintiffs in the instant case, Johnson petitioned this Court for a writ of certiorari, asking that we review the order of the Court of Special Appeals dismissing the appeal. The petition was granted, and, in a per curiam order, we vacated the judgment of the Court of Special Appeals and remanded the case for consideration on the merits.

We are aware of no case in this Court, and none has been cited to us, holding or even suggesting that an unqualified order granting a motion to dismiss the plaintiffs' entire

initial pleading is not a final judgment or becomes a final judgment only when the word "judgment" is used. A myriad of cases, including those cited above, stand for the contrary proposition.[1]

The argument that the decision in this case overrules *Eastgate Associates v. Apper, supra,* 276 Md. 698, 350 A.2d 661, and is inconsistent with *Aronstamn v. Coffey, supra,* 259 Md. 47, 267 A.2d 741, and *Felger v. Nichols, supra,* 30 Md.App. 278, 352 A.2d 330, is utterly devoid of merit.

In *Eastgate Associates v. Apper,* after the close of the evidence presented by the plaintiffs in a jury trial, the circuit court granted the defendant's motion for a directed verdict. The granting of the motion was entered in the docket pursuant to former Rule 552, which provided in part as follows:

"Rule 552. Directed Verdict ...

"a. *Motion for—...*

In an action tried by a jury any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues.

\*　　\*　　\*　　\*　　\*　　\*

"e. *Entry of Verdict by Clerk.*

---

**1.** Our cases do not, of course, deal specifically with a motion to dismiss for failure to state a claim, as this was not a ground for a motion to dismiss prior to July 1, 1984. Under prior Maryland practice, a demurrer would be used for such ground. Nevertheless, with regard to the appealability of orders granting motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the law was well settled. *See Banker's Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (order granting motion to dismiss for failure to state a federal claim upon which relief could be granted held final and appealable); *Cedar Coal Co. v. United Mine Wkrs. of America,* 560 F.2d 1153, 1161 (4th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978) ("[A]n order dismissing a complaint with prejudice for failure to state a claim upon which relief can be granted with no mention of amendment and no attempt at amendment shown in the record is a final appealable order....")

Upon the granting by the court of an instruction directing a verdict, the court shall instruct the clerk to enter such verdict, and to note that it has been entered by the court's instruction. It shall not be necessary for the jury, by its foreman, or otherwise, to render such verdict."

There was no entry of a *final* disposition, however, as required by former Rule 567 f. Former Rule 567 provided in pertinent part as follows:

"a. *Motion—When to Be Filed.*

A motion for a new trial as to all or part of the matters in controversy shall be filed within three days after the reception of a verdict, or, in case of a special verdict or a trial by the court within three days after the entry of a judgment *nisi.*

\* \* \* \* \* \*

"f. *Effect of Failure to File Motion—Entry of Final Judgment.*

If a motion for a new trial be not made, within the time prescribed by section a of this Rule, the clerk shall enter a final judgment as of course."

Despite the lack of the entry required by Rule 567 f, the plaintiffs took an appeal. In holding that the Court of Special Appeals correctly dismissed the appeal for lack of a final judgment,[2] we relied specifically upon the trial court's failure to comply with Rule 567 f, stating (*Eastgate Associates v. Apper, supra,* 276 Md. at 701–702, 350 A.2d 661, emphasis supplied):

"In the instant case, the appeal was taken from the instruction granting a directed verdict. Such an instruction is equivalent to a jury verdict, *see* Rule 552 e, and is analogous to the entry of a judgment *nisi* in an action tried by the court, *Merlands Club, Inc. v. Messall, supra,* 238 Md. [359] at 362 [208 A.2d 687 (1965) ]; Rule 564 b 1. As with a judgment *nisi, a verdict, whether reached by*

---

**2.** We did, however, delete other language from the Court of Special Appeals' mandate. *See* 276 Md. at 704, 350 A.2d 661.

*jury or directed by the court, is not a final order. See Rule 567 f.* '[I]t is indisputably clear that there is no right to appeal from a verdict,' *Montauk Corp. v. Seeds,* 215 Md. 491, 502, 138 A.2d 907 (1958). *See,* additionally, *Hawkins v. GMAC, supra,* 250 Md. [146] at 148 [242 A.2d 120 (1968)]; *Merlands Club, Inc. v. Messall, supra,* 238 Md. at 362–363 [208 A.2d 687]; *Md., Del. and Va. Rwy. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916)."

Consequently, the holding in *Eastgate* and other cases that the entry of a directed verdict or a judgment *nisi* was not a final appealable order was based entirely upon the requirement of the former rules that something more be done in order for there to be a final judgment.[3] Neither the former rules nor the present rules include a similar requirement with regard to the granting of a motion to dismiss the plaintiff's entire initial pleading.[4]

The holding in this case that the dismissals entered January 21 and 23, 1985, constituted a final judgment, is likewise not inconsistent with the Court of Special Appeals' opinion in *Felger v. Nichols, supra.* In *Felger,* the intermediate appellate court held that the granting of the defendant's motion for summary judgment under former Rule 610, entered on the docket, did not amount to a final judgment.

---

**3.** *Aronstamn v. Coffey, supra,* relied on by the plaintiffs and the Bar Association, is also a case where the appeal was taken from a judgment *nisi,* without the entry of final judgment under former Rule 567 f. The Court there stated (259 Md. at 48, 267 A.2d 741):
"As of the time of appeal no final judgment had been entered, although the clerk should have entered judgment. Therefore, the appeal must be dismissed, since the appeal was from a judgment *nisi. Hawkins v. GMAC,* 250 Md. 146, 148, 242 A.2d 120 (1968); *Merlands Club v. Messall,* 238 Md. 359, 208 A.2d 687 (1965); and *Md., Del. & Va. Rwy. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916)."

**4.** *See,* however, a motion to dismiss after the close of an opponent's evidence under former Rule 535, as the former rules were construed by the Court of Special Appeals in *Hughes Auto Co. v. Polyglycoat Corp.,* 54 Md.App. 80, 456 A.2d 386 (1983). The intermediate appellate court in that case treated such a motion like a motion for a directed verdict under former Rule 552. We need not, and do not, express any opinion as to the correctness of this interpretation.

The Court based this holding upon its interpretation of former Maryland Rule 610 d 1, and its view that Rule 610 d 1, like the rules applicable to directed verdicts, required that something more be done. The Court of Special Appeals' reasoning in *Felger* was as follows (30 Md.App. at 279, 267 A.2d 741):

"Maryland Rule 610 d 1 requires that when a motion for summary judgment is granted, the 'judgment sought shall be rendered forthwith.' This rule establishes that the grant of the motion is nothing more than a determination that the moving party is entitled to a judgment. It does not itself constitute the entry of final judgment.

"In our view, the grant of such a motion is analogous to the grant of a motion for a directed verdict. There is no right of appeal from the grant of a motion for a directed verdict. [citing *Eastgate* ]."

Whether or not *Felger's* interpretation of former Rule 610 was correct, the holding in that case clearly rested upon an interpretation of the former summary judgment rule and the conclusion that the rule was analogous to the former rules governing directed verdicts. The plaintiffs in *Houghton* and the Bar Association do not even suggest that the provisions of any rule (past or present) require that something more be done after the grant of a motion to dismiss a plaintiff's initial pleading.

Finally, the reliance on *Shell Oil v. Supervisor, supra,* 276 Md. 36, 343 A.2d 521, is misplaced. In *Shell* we held that a statute providing for direct "appeals" from the Tax Court to the Court of Appeals was unconstitutional. Because Shell had properly sought judicial review under the statutory provisions which had governed such review prior to our ruling, we transferred the case to the docket of the appropriate circuit court rather than dismissing the action. *Shell* did not involve an appeal from a trial court, much less an untimely appeal; instead, it was a timely original action to review the decision of an administrative agency. Furthermore, it was filed entirely in accordance with the pertinent statutes and rules. Because of the holding that this

Court had no original jurisdiction, we transferred the action to the proper trial court. In the case at bar, unlike *Shell,* the filing of an action in this Court was not timely and was not in accordance with the rules. Furthermore, there is no court, which properly has jurisdiction over the plaintiffs' appeal, to which this case could be transferred.

## II.

■ As stated previously, the Bar Association relies upon the federal "unique circumstances" doctrine, suggesting that we adopt this doctrine and apply it to allow the Houghtons' appeal "even though the letter of the rules for appeal has been violated." (Memorandum, pp. 20–21). We decline, however, to adopt the "unique circumstances" doctrine in this case.

The "unique circumstances" doctrine was first formulated in *Harris Truck Lines v. Cherry Meat Packers, supra,* 371 U.S. 215, 83 S.Ct. 283. In that case the trial court had dismissed Harris's complaint and entered judgment for Cherry Meat Packers on its counterclaim. Trial counsel for Harris sought an extension of the time for appeal because he could not reach the corporation's general counsel, who was responsible for deciding whether to appeal. The district judge granted a two week extension, beyond the prescribed 30-day limit, and the notice of appeal was filed within the extension period. The Court of Appeals dismissed the appeal, holding that there had been no showing of "excusable neglect based on a failure of a party to learn of the entry of the judgment," as required by Rule 73(a) of the Federal Rules of Civil Procedure. The Supreme Court reversed, stating (371 U.S. at 217, 83 S.Ct. at 285) that

"[i]n view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of unique circumstances sufficient

that the Court of Appeals ought not to have disturbed the motion judge's ruling."

In *Thompson v. I.N.S., supra,* 375 U.S. 384, 84 S.Ct. 397, the Supreme Court extended the holding in *Harris.* Thompson filed a motion for a new trial twelve days after judgment was entered against him. The trial court declared that the motion was made "in ample time," but denied it over five months later. Thompson appealed within 60 days of the denial of the post-trial motion, but not within 60 days of the original entry of judgment.[5] The Court of Appeals dismissed the appeal because the motion for new trial was untimely, not having been filed within ten days of judgment, and therefore did not toll the time for appeal. The Supreme Court reversed, in light of *Harris,* because Thompson had allowed the time for appeal to run in reliance on the District Court's assurance that the motion for new trial had been filed "in ample time." *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964).

Based on these Supreme Court cases, federal courts have developed a general "unique circumstances" doctrine. As stated in *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265, 1268 (9th Cir.1985).

" 'Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.' " (Quoting *Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984)).

*See, e.g., Feister v. Turner, supra,* 783 F.2d 1474; *Ashby Enterprises v. Weitzman, Dym, EA,* 780 F.2d 1043, 1045 n.

---

**5.** Appeals may be made within 60 days after entry of judgment, rather than 30 days when "the United States or an officer or agency thereof is a party." Rule 4(a)(1), Federal Rules of Appellate Procedure.

2 (D.C.Cir.1986); *Wort v. Vierling,* 778 F.2d 1233 (7th Cir.1985).

For several reasons, we do not believe that the doctrine should be adopted by us, at least in our adjudicatory capacity. First, the holding in *Harris,* the case at the heart of the doctrine, is based squarely on the federal rule allowing an extension of time for an appeal upon a showing of "excusable neglect." The Maryland Rules do not contain a comparable provision authorizing an extension of the time for appeal.

Second, other state courts have criticized the "unique circumstances" doctrine and refused to adopt it. In *Town of South Berwick, Etc. v. Maineland, Inc.,* 409 A.2d 688 (Me.1980), the Supreme Judicial Court of Maine criticized the *Thompson* decision, saying (409 A.2d at 690–691):

> "The practical consequence of the *Thompson* majority decision is that the trial judge can grant an extension of time by mistake or deception in a situation where the rules explicitly withhold that power if exercised intentionally and openly. We much prefer the reasoning of the four dissenters speaking through Mr. Justice Clark:
>
>> 'Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by *ad hoc* relaxations by this Court in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.'
>
> *Id.* 375 U.S. at 390, 84 S.Ct. at 400."

Similarly, in *Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181, 183 (1971), the Supreme Court of Arizona rejected the doctrine, also quoting the dissent in *Thompson,* and saying:

> "Although this holding may create some hardship as in the instant case, the rule is clear and we take it as we

find it. In general, opposing parties have their rights too, and one of them is to feel secure in the knowledge that they are finally freed from the burdens of a suit. They cannot do this as long as a case may be re-opened because of allegedly 'unique circumstances' occurring after the time for appeal has passed."

Finally, this Court has not in the past been persuaded by the policies underlying the "unique circumstances" doctrine. In *Baltimore Luggage Co. v. Ligon*, 208 Md. 406, 418–424, 118 A.2d 665 (1955), the trial judge told counsel that he was filing a judgment nisi, but the court entered final judgment instead without notifying counsel. Counsel, relying on the statement of the trial judge, believed that he had three days in which to move for a new trial and thirty days after the determination of that motion to appeal. Therefore, an appeal was not filed within thirty days of the judgment. This Court held (208 Md. at 421–422, 118 A.2d 665):

"It is clear, ... that the appellant was not entitled as a matter of law to rely on the statement of the judge that he was going to enter a judgment *nisi*. As we have pointed out, the rules and the decisions show that a final judgment is contemplated by the rules after a special verdict and that in such case a judgment *nisi* has no place. This is neither startling nor unusual.... While the trial court certainly should not have changed his mind and entered a final judgment without any notice whatsoever to counsel, particularly to counsel for the losing side, after he had indicated that he was about to enter a judgment *nisi*, nevertheless, the appellant and its counsel were not entitled, as of right, to rely entirely on the judge's indicated purpose. It is settled that a party to litigation, over whom the court has obtained jurisdiction, is charged with the duty of keeping aware of what actually occurs in the case and is affected with notice of all subsequent proceedings and that his actual knowledge is immaterial."

Accordingly, the Court dismissed the appeal, even though the trial judge had later altered the docket to show the entry of a judgment *nisi* instead of final judgment.

While the "unique circumstances" doctrine of the federal cases, or something similar to it, might be a matter for consideration by the Standing Committee on Rules of Practice and Procedure and this Court in its rule making capacity, the doctrine affords no basis for granting the motion for reconsideration.[6]

MOTION FOR RECONSIDERATION DENIED.

McAULIFFE, Judge, dissenting.

Adhering to the views expressed in my earlier dissent, 305 Md. 414, 504 A.2d 1145, I would apply the principle of the "law of the case" to permit a decision on the merits. Additionally, I agree with petitioners and the Maryland State Bar Association that the "unique circumstances" doctrine may be applied to the facts of this case to avoid dismissal of the appeal. *Harris Lines v. Cherry Meat Packers,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265 (9th Cir.1985).

Chief Judge MURPHY concurs with the views expressed herein.

---

**6.** It should be noted that the federal "unique circumstance" cases cited by the Bar Association all involve reliance upon statements or actions by the *trial* court; none of the cases involves reliance upon erroneous action by a United States Court of Appeals. Whether or not the federal courts would extend the doctrine so far beyond the federal rule is entirely speculative.

In addition, none of the cited "unique circumstance" cases is analogous to the situation here. The plaintiffs originally believed, properly, that the orders of January 21 and 23, 1985, constituted a final judgment, and they took a timely appeal. When the Court of Special Appeals ruled against them by dismissing their appeal, the plaintiffs could have done what thousands of unsuccessful litigants in the Court of Special Appeals have done over the years, namely sought further review by this Court. They chose to forego this option.