28 A.3d 214

**Michael T. McCLOUD**

v.

**DEPARTMENT OF STATE POLICE, Handgun Permit Review Board.**

**No. 0483, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

Sept. 6, 2011.

Cynthia M. Norris, Lanham, MD, for Appellant.

Mark H. Bowen (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for Appellee.

Panel: DEBORAH S. EYLER, ZARNOCH, TONI E. CLARKE, (Specially Assigned), JJ.

ZARNOCH, J.

In 2008, appellant Michael T. McCloud applied for a renewal of a permit issued to him by appellee Maryland State Police ("MSP") to carry a concealed weapon. MSP denied the application, stating that McCloud was disqualified under Maryland law from possessing a regulated firearm because he was convicted in 2006 in the District of Columbia of attempting to carry a pistol without a license. McCloud appealed the denial of his application to the Handgun Permit Review Board ("the Board"), which reversed the denial and issued a decision in his favor. MSP sought judicial review in the Circuit Court for Baltimore County. The circuit court issued an opinion reversing the decision of the Board, thereby denying the permit renewal. McCloud now appeals the decision of the circuit court, and presents one question for our review:[1]

---

1. We have consolidated and reworded appellant's questions presented. In his brief, appellant states the questions as follows:

Did the Handgun Permit Review Board err by failing to consider the current Maryland equivalent of McCloud's conviction in 2006 in the District of Columbia to determine whether McCloud is prohibited under Maryland law from possessing a handgun?

For the reasons set forth below, we conclude that the Board erred in determining that McCloud was eligible for renewal of his handgun permit. Accordingly, we affirm the decision of the circuit court which reversed the Board's ruling.

## FACTS AND LEGAL PROCEEDINGS

On August 16, 2006, Michael McCloud was arrested in the District of Columbia and charged with attempting to carry a pistol without a license. He pled guilty to the charge and received a suspended sentence of 90 days' confinement and six months probation.

On July 5, 2008, McCloud applied for a renewal of his Maryland permit to carry a handgun. The MSP processed his application which included information about his 2006 conviction in D.C. MSP denied McCloud's application based on Maryland law prohibiting a person from possessing a handgun permit if he has been convicted of a crime that carries a penalty in excess of two years imprisonment, even if the crime occurred in another jurisdiction. MSP equated the D.C. crime that McCloud was convicted of—attempting to carry a pistol without a license—with the Maryland crime of unlawfully wearing, carrying or transporting a handgun, which carries a

---

1. Did the circuit court err as a matter of law when it failed to interpret conflicting statutes PS § 5–133 and PS § 5–306, but instead misapprehended this court's ruling in *Brown v. Handgun Permit Review Board*, 188 Md.App. 455, 982 A.2d 830 (2009), concluding that the conflicting statutes were interpreted when they were not.
2. Did the circuit court apply the correct standard of review in holding that board's ruling had to be reversed although the board did not apply an erroneous application of law.
3. Was the circuit court's retroactive application of the *Brown* case a violation of McCloud's due process and equal protection when McCloud relied on Maryland Statute PS § 5–306 when entering into his plea agreement.

statutory maximum penalty that is greater than two years, and concluded that he could not obtain a handgun permit.

McCloud requested a hearing before the Handgun Permit Review Board to review MSP's denial of his permit. The Board held a hearing on February 3, 2009. On February 19, the Board issued a decision in favor of McCloud, and directed MSP to grant McCloud the handgun permit.

On March 18, MSP filed a motion to stay the decision of the Board while it sought a petition for judicial review in the circuit court. The circuit court granted the motion to stay on March 28, 2009. After a hearing on March 30, 2010, the circuit court reversed the Board's decision. McCloud timely noted this appeal.

## DISCUSSION

■ We have previously discussed the standard for reviewing a typical ruling by the Handgun Review Board, stating that:

> [W]e review the agency's decision directly, not the decision of the circuit court. A reviewing court will affirm the decision of the agency when it is supported by substantial evidence appearing in the record and it is not erroneous as a matter of law. Because an agency's decision is presumed *prima facie* correct, we review the evidence in the light most favorable to the agency.

*Maryland State Police v. Anthony McLean,* 197 Md.App. 430, 437, 14 A.3d 658 (2011) (internal citations, quotations, and ellipses omitted). Because there are no relevant factual matters in dispute here, McCloud's eligibility for a handgun permit is a question of law which we will review de novo. *Id.* at 438, 14 A.3d 658. We will generally "give weight to an agency's interpretation of a statute it is charged with enforcing where the interpretation is longstanding and falls within the agency's area of expertise." *Ralph Coleman Brown, Jr. v. Handgun Permit Review Board,* 188 Md.App. 455, 467, 982 A.2d 830 (2009). However, if "statutory language is unambiguous, administrative constructions, no matter how well en-

trenched, are not given weight." *McLean,* 197 Md.App. at 438, 14 A.3d 658 (citations and quotations omitted). As we discuss below, we find that the statutes that the Board interpreted in granting the permit renewal, Md.Code (2003), Public Safety Article ("PS") § 5–306 and § 5–133, are unambiguous, and thus, we will not afford weight to the Board's interpretation of them. *See id.*[2]

Maryland law prohibits a person from wearing, carrying, or transporting a handgun without a permit. Md.Code (2002), Criminal Law Article ("CL") § 4–203(b)(2); PS § 5–303 (permit required to carry, wear, or transport a handgun). A permit may be issued by MSP if the applicant for the permit meets six criteria set forth by statute. PS § 5–306(a). McCloud argues that he "met each and every qualification listed" in PS § 5–306(a), and as such the Board correctly ruled in his favor. We disagree.

In addition to the criteria for issuing a permit, PS § 5–306(a), Maryland law also provides that a person may not possess a handgun if the person has been convicted of a "disqualifying crime," which includes "a violation classified as a misdemeanor in the State that carries a statutory penalty of more than 2 years." PS §§ 5–133(b)(1) (listing persons that may not possess a regulated firearm); 5–101(g)(3) (defining a "disqualifying crime").

In 2006, MSP asked the Attorney General for advice on whether a "disqualifying crime" includes out-of-state offenses. The Attorney General concluded that "the phrase 'disqualifying crime' includes out-of-state offenses," and that such an offense "that would be classified as a misdemeanor in Maryland with a potential penalty under Maryland law in excess of two years imprisonment falls within that definition." 91 Op. Atty. Gen. Md. 68 (2006). Subsequently, in *Ralph Coleman Brown, Jr. v. Handgun Permit Review Board,* 188 Md.App. 455, 982 A.2d 830 (2009), we agreed with the Attor-

---

2. Of course, the Board is not the only administrative agency with a role in administering the statute. So too is the MSP, which has a differing interpretation.

ney General's opinion that PS § 5–101(g)(3) is intended "to be interpreted such that the conviction's potential punishment is measured by reference to the penalty under the law of Maryland for a comparable violation." 188 Md.App. at 480, 982 A.2d 830. Therefore, a "disqualifying crime" can be an offense committed out-of-state that, when looking to a comparable violation in Maryland, is a misdemeanor and has a penalty of greater than two years imprisonment. *See Jones v. State,* 420 Md. 437, 442, 23 A.3d 880 (2011) (holding that "an out-of-state conviction can serve as a predicate conviction for the purposes of [PS § ] 5–133(b).")

■ We later clarified in *Maryland State Police v. Anthony McLean,* 197 Md.App. 430, 14 A.3d 658 (2011), that to determine whether an out-of-state crime constitutes a "disqualifying crime" under PS § 5–101(g)(3), we must look to the "penalty for the equivalent Maryland offense in effect at the time the person convicted seeks to possess a regulated firearm." 197 Md.App. at 449, 14 A.3d 658. So, if the current penalty for the Maryland offense is different from the penalty at the time the offense was committed, we look to the current penalty.

■ The circuit court correctly determined that the current Maryland equivalent of McCloud's D.C. conviction is CL § 4–203(a), which prohibits an individual from wearing, carrying, or knowingly transporting a handgun without a permit. This offense is considered a misdemeanor and carries a maximum penalty of up to three years imprisonment. CL § 4–203(c)(2)(i). Accordingly, the Board erred by concluding that the Attorney General's opinion did not apply, thereby disregarding McCloud's D.C. conviction as a "disqualifying crime."

McCloud asserts that the circuit court failed to correctly reconcile a conflict between PS § 5–306(a) (criteria for obtaining permit) and PS § 5–133(b)(1) (persons that may not possess handgun). He notes that MSP is required to issue a permit if an applicant meets the criteria in PS § 5–306, including that the person "has not been convicted of a felony or of a misdemeanor for which a sentence of imprisonment for more than 1 year has been imposed." PS § 5–306(a)(2)(i).

McCloud argues that PS § 5–133(b)(1), which provides that one cannot possess a handgun if the individual was convicted of a "disqualifying crime," or a violation that has a statutory penalty of greater than 2 years, conflicts with PS § 5–306, which only allows MSP to reject a permit application if the applicant has *actually been sentenced* to more than 1 year imprisonment. The result of these contradictory statutes, McCloud argues, is that if an individual is convicted of a crime with a maximum penalty that is greater than two years, but is sentenced to less than 1 year imprisonment, that person is entitled to a handgun carry permit under PS § 5–306, and simultaneously prohibited from possessing a handgun under PS § 5–133(b)(1). McCloud asks us to resolve this apparent contradiction in his favor.

Although the statutes may appear to contradict one another, each one serves a different purpose. One, PS § 5–306(a), gives criteria for obtaining a handgun permit to lawfully *wear, carry or transport* a handgun, while the other, PS § 5–133(b)(1), excludes certain persons from lawful *possession* of a handgun. *See* PS § 5–303 (permit required to carry, wear, or transport a handgun). The two statutes are interrelated in that a person who cannot lawfully possess a handgun under PS § 5–133(b)(1), is subsequently not eligible for a permit to wear, carry or transport a handgun under PS § 5–306(a). In *Brown*, we discussed this precise issue in dicta, noting that:

> [I]t would produce an absurd result to construe PS § 5–306(a) to require the issuance of a handgun permit to a person ineligible to possess a handgun. Accordingly, we shall assume *arguendo*, that the Board may properly deny a handgun permit to anyone who has committed a disqualifying crime under PS § 5–101(g) and is prohibited from possessing a handgun under PS § 5–133(b)(1).

188 Md.App. at 471, 982 A.2d 830. When construing two statutes leads to a result which is "unreasonable illogical, unjust, or inconsistent with common sense," we are instructed to avoid such a result. *Pelican Nat'l Bank v. Provident Bank,*

381 Md. 327, 336, 849 A.2d 475 (2004). We think it would "defy common sense" if McCloud could obtain a handgun carry permit, but still be arrested and charged with violating PS § 5–133(b)(1) for possessing a handgun. *See Dept. of Public Safety and Correctional Services v. Berg,* 342 Md. 126, 139, 674 A.2d 513 (1996) ("It would defy common sense to hold that the State Police were required to approve [an] application to purchase a handgun and that, when [the applicant] received the handgun pursuant to such approval, the State Police should then arrest him for violating [a different] law" for possessing the handgun.). As such, we embrace our dicta in *Brown* and find that the Board should have denied McCloud the handgun permit based on his ineligibility to possess a handgun under PS § 5–133(b)(1) and PS § 5–101(g).

█ McCloud also argues that the circuit court erred by not giving deference to the Board's decision. Because PS § 5–306 is good law, McCloud reasons, the Board did not err as a matter of law by favoring it over PS § 5–133(b)(1). We disagree. Although a reviewing court considers the evidence in the light most favorable to the agency, we will only affirm the agency's decision if the agency did not err as a matter of law. *McLean,* 197 Md.App. at 437, 14 A.3d 658. As we discussed above, it was legal error for the Board to order MSP to issue McCloud a permit. The circuit court did not err by reversing the Board's decision.

█ Finally, McCloud contends that the circuit court should not have relied on *Brown* because it was decided *after* the Board directed MSP to issue him a permit. McCloud is correct that "[t]he question of whether a particular judicial decision should be applied prospectively or retroactively, depends ... on whether or not the decision overrules prior law and declares a new principle of law." *Houghton v. County Commissioners of Kent County,* 307 Md. 216, 220, 513 A.2d 291 (1986). But his assertion that "the implementation of *Brown* overrules PS § 5–306 and declares a new principle of law" is misguided. *Brown* did not, and could not, overrule a statute in any way, shape, or form. It did not overrule a prior

court decision. *See American Trucking Ass'ns. v. Goldstein,* 312 Md. 583, 591, 541 A.2d 955 (1988). As appellee correctly points out, "the law itself has not changed . . . *Brown* clarified it." The *Brown* decision did not "declare a new legal principle," and so it "applies retroactively in the same manner as most court decisions." *Houghton,* 307 Md. at 220, 513 A.2d 291.

McCloud further claims that by relying on *Brown,* the circuit court violated his due process rights because he decided to plead guilty to the D.C. charge based on his understanding that the D.C. conviction would not affect his ability to maintain his Maryland handgun permit. This argument is unpersuasive in several respects. The failure to be informed of a collateral consequence of a guilty plea, such as the inability to obtain a handgun permit in another state, does not constitute a due process violation. *Miller v. State,* 196 Md. App. 658, 678, 11 A.3d 340 (2010) ("Due Process does not require that a defendant be advised of the indirect or collateral consequences of a guilty plea, even if the consequences are foreseeable."). Even if it was constitutionally required for McCloud to be informed of this collateral consequence, the proper remedy for such a violation of his due process rights would be to attack his guilty plea in D.C. as involuntary, and proceed against the charges there. *See id.* We find that the Board erred by directing MSP to grant McCloud a renewal of his permit, and affirm the circuit court's reversal of that decision.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**